431 A.2d 237

William T. LAURSEN, Appellant,

v.

GENERAL HOSPITAL OF MONROE COUNTY and Elmo J. Lilli and Ramon B. Molina, Appellees.

Supreme Court of Pennsylvania.

Argued April 21, 1981.

Decided July 2, 1981.

Martin Rothman, Paul McMahon, for appellant.

Rudolph Zieger, Jr., Allentown, for E. J. Lilli & R. B. Molina.

Donald H. Lipson, Allentown, Lawrence M. Ludwig, Scranton, for General Hospital.

Before ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

WILKINSON, Justice.

This is an appeal from a judgment of the Superior Court affirming the Court of Common Pleas of Monroe County's order refusing to lift the compulsory nonsuit entered against appellant. We reverse and remand with instructions.

On June 4, 1971 appellant filed a medical malpractice suit against appellees, Elmo J. Lilli and Ramon B. Molina, his attending physicians, and the General Hospital of Monroe County (hospital) whose facilities were used in the treatment of appellant. The following facts can be gleaned from depositions of the doctors and appellant's answer to interrogatories.

Between 1964 and September 1969 the appellant was treated at different times by the appellee-doctors for various disabilities including an irregular heartbeat, hypertension, diabetes, a non-functioning gall bladder, and upper respiratory infections. On September 28, 1969 appellant was admitted to the hospital and was diagnosed by Dr. Lilli as having arteriosclerotic heart disease (coronary insufficiency) and angina. At his deposition, Dr. Lilli stated that tests seemed to indicate that no damage to the heart had oc-

curred. During this hospitalization, which lasted until October 8, 1969, appellant was treated with numerous medications for his various ailments. He continued to take some of them upon discharge. Appellant saw Dr. Lilli several weeks after his discharge and once early in each of the following months of November, December, and January. Basically no change in treatment occurred. On January 21, 1970 appellant again saw Dr. Lilli and complained of chest pain radiating to his arms which Dr. Lilli diagnosed as angina again. He was given various tests and continued on the same medications he had been taking.

Appellant was hospitalized again on January 25, 1970 and was found to have suffered a myocardial infarction (heart attack). During this hospitalization, in addition to appellant's continued medication for his coronary insufficiency, he was, for the first time, given a drug known as Coumadin, a blood-thinning drug. He continued taking this drug along with other medication prescribed for him until March 17, 1970 when he was admitted to the hospital complaining of severe chest pain and the loss of feeling and movement in his lower extremities. Examination by Dr. Lilli revealed paralysis as a result of what was diagnosed as a spinal cord lesion.

Appellant alleged in his complaint that he was permanently paralyzed as a result of his treatment by appellees which he claimed was performed negligently and without his informed consent. Paragraph thirteen of the complaint states:

> On or about September 28, 1969, and while plaintiff was under the care of defendant Elmo J. Lilli and defendant Ramon B. Molina, and while plaintiff was being treated in the facility of General Hospital of Monroe County, plaintiff suffered severe injuries and damage as will be hereinafter more fully set forth.

In paragraphs fifteen and sixteen the same twelve acts of negligence are attributed to each doctor. Paragraph seventeen contains six acts of negligence attributed to appellee-hospital. The greatest number of alleged acts of negligence

refer to the failure to take reasonable care in seeing that appellant did not suffer adverse effects from prescribed medication. The appellee-hospital filed an answer on January 28, 1972. On October 2, 1972 appellant answered ninety-two written interrogatories filed on behalf of Drs. Lilli and Molina. Depositions of Drs. Lilli and Molina were completed on September 9, 1976. During the course of the Lilli deposition the doctor was directed by his counsel not to answer questions relating to the period subsequent to the September 28, 1969 hospitalization. After appellant petitioned the court for an order compelling the doctors to answer such questions, an order to do so was entered expressly reserving judgment as to the admissibility of such testimony until the time of trial.

The case was reached for trial on January 18, 1977 and a jury impanelled. Before any evidence was presented, counsel for the parties, without objection, recessed to the trial court's chambers to confer on the ensuing trial. Appellant offered to prove he was injured as a result of various negligent acts committed by appellees between September 28, 1969 and March 17, 1970. After a long discussion the judge ruled that the complaint only alleged negligence on or about September 28, 1969 and that evidence of subsequent negligence would not be admitted. A request to amend the complaint so as to specifically list the dates of the alleged acts of negligence was denied. The amended complaint would have alleged continuing negligence until March 17, 1970. The judge held that to allow the amendment would be to allow allegation of a new cause of action, which would be impermissible because of the statute of limitations. Appellant's attorney stated that he could not establish liability without presenting evidence of negligence after September 28, 1969. Upon motion by appellees the court entered a compulsory nonsuit against appellant and later, after a hearing, refused to lift it. The Superior Court affirmed at 259 Pa.Super. 150, 393 A.2d 761 (1978).

Appellant argues, *inter alia*, that the proposed amendment would have merely amplified his cause of action in that it would have pled the same cause of action with greater

specificity. He argues that if the amendment had been allowed evidence could have been presented on a claim entitling him to relief. Therefore, the entry of the nonsuit was in error.

In general, amendments to pleadings are liberally allowed. But,

[a]n amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant. . . However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of Limitations has already run.

*Schaffer v. Larzelere*, 410 Pa. 402, 407, 189 A.2d 267, 270 (1963) (citations omitted).

An amendment to change the alleged date of the negligent act upon which the cause of action is based is allowed even after the statute of limitations has run. *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764 (1965).

As we view it, the complaint here did not specifically limit the alleged acts of negligence to those acts occurring on September 28, 1969. The complaint did allege that appellant's paralysis occurred as a result of appellees' negligence and that such negligence and injury occurred while appellant was in the hospital and under the care of appellee-doctors. September 28, 1969 was the date appellant was first admitted to appellee-hospital. The proposed amendment would have appropriately amplified what had already been averred by appellant including the specific dates of the improper drug treatment and misdiagnosis which allegedly caused the injury.

Allowing the proposed amendment would not be allowing a new cause of action to be stated because no new negligent act or acts which occasioned the injury would be alleged. *Saracina, id.* Appellant would still rely on the specific acts of negligence averred in his original complaint. The proposed amendment would identify the dates of those already averred acts. This is, therefore, " 'a case of adding to or

amplifying the original statement within the rule recognized in some of our cases [and is not a case where] a different theory is relied on, new grounds ... set up, and other acts of negligence entirely different ... alleged [in the proposed amendment].' " *Shenandoah Borough v. City of Philadelphia*, 367 Pa. 180, 191, 79 A.2d 433, 438 (1959) (quoting *Martin v. Pittsburgh Rys. Co.*, 227 Pa. 18, 20–21, 75 A. 837 (1910)).

This result is in accord with the policy of giving

"Full opportunity to parties to plead their cause of action, if they have one, and not turn them out of court for technical errors. That is especially true if the objections refer more to the manner of the pleading than to a complete lack of a cause of action.... It is always desirable to dispose of litigation on the merits, if possible."

*Arner v. Sokol*, 373 Pa. 587, 592, 96 A.2d 854, 856 (1953) (quoting *Townsend v. Universal Insurance Co.*, 129 Pa.Super. 188, 191, 195 A. 167, 168 (1937)).

Accordingly, we reverse and remand the case to the Court of Common Pleas of Monroe County to allow appellant to amend his complaint within thirty days in accordance with the opinion filed herein.

O'BRIEN, C. J., did not participate in the consideration or decision of this case.