448 A.2d 588

**Vivian SANCHEZ, by her parent and natural guardian Naida Sanchez, and Naida Sanchez, in her own right, Appellant,**

v.

**CITY OF PHILADELPHIA, North American Engines Co. and Blanche Jankuskas and Naida Sanchez, Additional Defendant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed July 23, 1982.

Paul Mark Perlstein, Philadelphia, for appellant.

Mark S. Kardos, Philadelphia, for North American, et al., appellees.

Andrew DiPiero, Jr., Assistant City Solicitor, for City of Philadelphia, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's petition to amend her complaint on the ground that the amendment would plead a new cause of action after the statute of limitations had run. Appellant argues that the amendment would only amplify the original cause of action. We do not agree, and therefore affirm.

The accident out of which this case arises occurred on July 26, 1976. This action was commenced on July 6, 1978, by writ of summons, Pa.R.C.P. 1007(1), and the complaint was filed on November 9, 1978.

The first count of the complaint sought damages for appellant's minor daughter, Vivian. It was alleged that

appellee Blanche Jankuskas, acting in the course of her employment, had been driving an automobile owned by appellee North American Engines Company and had collided with an automobile in which Vivian had been a passenger. Various acts of negligence on the part of Blanche Jankuskas were alleged; the negligence of appellee City of Philadelphia was alleged to have been its failure to maintain the traffic signals at the intersection where the accident occurred. It was also alleged that as a result of the accident, Vivian sustained serious injuries, for which she had been or would be obliged to undergo medical treatment, and that she might suffer a loss of earning capacity.

The second count of the complaint sought certain specific damages for appellant herself. It incorporated all of the first count, and then alleged that as Vivian's mother, appellant had incurred and might continue to incur medical expenses for Vivian's care, and also, that appellant would suffer financial injury if Vivian's earnings, to which appellant would be entitled during Vivian's minority, were impaired.

The writ of summons had tolled the statute of limitations, *Galbraith v. Gahagen*, 415 Pa. 500, 204 A.2d 251 (1964), and two years later, on July 6, 1978, the statute ran. Act of June 24, 1895, P.L. 236, 12 P.S. 34, recodified at Act of July 9, 1976, P.L. 586, No. 142, sec. 2, 42 Pa.C.S.A. sec. 5524. On March 20, 1979, appellant filed a petition for leave to amend the complaint by adding a third count, seeking damages for personal injuries she had herself sustained in the accident. The proposed third count alleged appellees' negligence by incorporating the first count's allegations of that negligence. It then alleged that appellant had been driving the automobile in which Vivian had been a passenger, and that by reason of appellees' negligence she had sustained severe injuries, for which she had been or would be obliged to undergo medical treatment, and that she might suffer a loss of earning capacity. The lower court denied appellant leave to add this third count.

■ The general rule is that an amendment will not be permitted after the running of the statute of limitations if it introduces a new cause of action, *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 319 A.2d 914 (1974); *Junk v. East End Fire Dept.*, 262 Pa.Superior Ct. 473, 396 A.2d 1269 (1978), but if the amendment would only amplify or enlarge the existing cause of action, it will be permitted, *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 431 A.2d 237 (1981). Plainly, to apply this rule, one must define the phrase "cause of action." [1]

It has been held that the cause of action in a negligence action is the "negligent act or acts which occasioned the injury:"

> We have defined "cause of action" as "the negligent act or acts which occasioned the injury": *Shenandoah Borough v. Philadelphia*, supra. "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?": *Arner v. Sokol*, 373 Pa. 587, 591, 96 A.2d 854; *Mussolino v. Coxe Bros. & Company, Inc.*, 357 Pa. 10, 15, 53 A.2d 93; *Miners Savings Bank of Pittston v. Naylor*, 342 Pa. 273, 280, 20 A.2d 287; 2A Anderson Pa.Civil Practice § 1033.28.

*Saracina v. Cotoia*, 417 Pa. 80, 85, 208 A.2d 764, 767 (1965). For cases applying this definition, *compare Laursen v. General Hospital of Monroe County, supra* (proposed amendment permitted where no new negligent act alleged but dates of

1. It once was thought that the phrase could be easily defined. *Shenandoah Borough v. Philadelphia*, 367 Pa. 180, 190, 79 A.2d 433, 438, *cert. denied sub nom., School District v. Philadelphia*, 342 U.S. 821, 72 S.Ct. 41, 96 L.Ed. 62 (1951) ("There is no difficulty in defining the phrase 'cause of action.'") However, the Court has more recently acknowledged that the definition is more troublesome than had been thought. *See Kuisis v. Baldwin-Lima-Hamilton Corp., supra* 457 Pa. at 325 n. 7, 319 A.2d at 918 n. 7 ("This Court has never adopted a comprehensive definition of what constitutes a cause of action, for the excellent reason that no such definition exists.")

alleged improper drug administration added), with *Junk v. East End Fire Dept., supra* (proposed amendment not permitted where original complaint alleged negligence of ambulance driver in driving and amendment alleged negligence in choice of route).

Appellant argues that under these cases, her amendment should have been permitted. This argument has some force, for the amendment does not allege any new negligent act by appellees. On the contrary, as we have said, it would incorporate the allegations of appellees' negligence as pleaded in the original complaint. While the amendment does allege items of damages not alleged in the original complaint, it has been said that an amendment adding damages will be permitted after the statute of limitations has run, "whether there is an amplification of previous averments of damage or the introduction of a new, additional or added claim, provided that it arises from the same circumstances and so long as the same negligence is charged." 2 Goodrich-Amram 2d sec. 1033:4.1 n. 58, *citing Schwab v. P. J. Oesterling & Son, Inc.,* 386 Pa. 388, 126 A.2d 418 (1956).

Even so, we are unable to accept appellant's argument. The definition of "cause of action" in *Saracina v. Cotoia, supra,* is not dispositive. Although it defines "cause of action" as "the negligent act or acts which occasioned the injury," it does not refer to whom the duty was owed.[2]

Similarly, although it is true that amendments adding damage claims have been permitted, these amendments added claims for damages to persons already named in the original complaint as have been injured. Here, while appellant is named in the original complaint, she is not named as some one who had been personally injured; her only claim was that she incurred and might continue to incur medical expenses for her daughter Vivian's care, and that she would

**2.** We note that the test set forth in *Saracina* seems to beg the question. The first prong of the test asks "would a judgment bar further action on either" complaint. The inquiry is circular, for res judicata will bar only those subsequent actions which involve the same cause of action. *See, e.g., Keystone Bldg. Corp. v. Lincoln Savings & Loan Ass'n,* 468 Pa. 85, 360 A.2d 191 (1976).

suffer financial injury if Vivian's earnings, to which she would be entitled during Vivian's minority, were impaired.

In *Schwab v. P. J. Oesterling & Son, Inc.*, *supra*, the complaint was filed by a mother whose son had been killed in an automobile accident. In her original complaint the mother sought recovery for her son's loss of companionship, in her capacity as a mother, and for medical expenses and administrative costs, in her capacity as administrator of his estate. The original complaint also claimed damages for the loss of the son's automobile. The lower court permitted the mother to amend her complaint, after the statute of limitations had run, by adding a claim for the son's loss of earnings during his normal life expectancy less the reasonable cost of his maintenance. The Supreme Court affirmed, holding that the amendment "merely brought in an additional element of damage for a cause of action already within the compass of the original complaint." 386 Pa. at 393, 126 A.2d at 420.[3] However, the Court did not approve of an amendment with respect to damages to the automobile the son had been driving when he was killed. The original complaint alleged that the car was the son's, and the mother, as administrator of his estate, sought damages for its destruction; the amendment alleged that the car was the mother's, and by the amendment the mother sought damages for its destruction in her own right. Disapproving the amendment, the Court said:

> Actually, the mother's claim in her own right to the damages for the destruction of the automobile was unenforceable but for a different reason than that assigned by the defendant [who had argued it was res judicata]; as a separate cause of action, it had long since been outlawed. *Id.*, 386 Pa. at 391, 126 A.2d at 419.

■ We find *Schwab v. P. J. Oesterling & Son, Inc.*, *supra*, controlling. Like the mother there, appellant, in her origi-

---

3. *Accord, Turley v. Rothman*, 385 Pa. 27, 122 A.2d 84 (1956) (proposed amendment permitted where original complaint alleged damage for loss of wife's services, earnings and companionship and amendment sought to add loss of future earnings).

nal complaint, pleaded only *derivative* claims; in the amendment, she seeks to recover *in her own right* for her own injuries, which had not been mentioned in the original complaint. In *Schwab*, the mother could not amend her complaint to add a claim for damages in her own right for destruction of her personal property—her automobile. Here, she seeks to amend her complaint to add a claim for damages in her own right for injuries to her *person.* Such an amendment is more than an amplification. of an existing cause of action.

Affirmed.