**Swartz v. SGL Industries, Inc.**

*H. Anthony Adams,* for plaintiff,.
*Daniel K. Deardorff,* SGL Industries, Inc.
*Jered L. Hock,* Chicago Pneumatic Tool Co.
*John W. Read,* William A. Addams, for 3M Co.

*Before Sheely, P.J., Hoffer, J. and Bayley, J.*

BAYLEY, *J.,* December 17, 1984—This suit was instituted in 1981 in Franklin County to recover damages alleged to have occurred in an accident on March 15, 1979. After transfer to this court an amended complaint was filed on November 5, 1982. The paragraphs of that amended complaint pertinent to the issue at hand are as follows:

"5. On or about March 15, 1979, plaintiff was employed by ITT Domestic Pump Corporation at its plant in Shippensburg, Cumberland County, Pa.

6. On or about 10:35 p.m. on the night of March 15, 1979, plaintiff was performing working activities at his place of employment as aforesaid. Said working activities consisted of the use of a grinding wheel to grind molded metal parts.

7. While working at the said occupation on March 15, 1979, the abrasive wheel of the grinding machine shattered and injured the said plaintiff.

8. The said grinding wheel at the time and place aforesaid shattered and pierced the protective helmet of plaintiff causing multiple injuries.

9. Plaintiff as a result of the aforesaid grinding wheel explosion suffered the following injuries, a severe laceration of the right cheek extending

through the mandible, extreme lacerations thru the tongue and soft palate accompanied by extreme hemorrhaging.

29. Defendant SGL Industries failed to correctly construct the abrasive wheel that shattered and injured plaintiff.

30. Defendant SGL Industries failed to mark the said wheel in such a manner as to warn of the standard and limitations of a wheel of the nature herein used.

31. Defendant SGL Industries failed to design a warning label for the said grinding wheel which would be visible to the user of such wheel if the same was installed on a grinding machine.

32. SGL Industries failed to design a warning label which was permanently affixed to the said abrasive so as to give adequate notice to a user of the said wheel after the said wheel was attached to a grinding machine of the limitations of the said wheel.

34. Chicago Pneumatics(sic) Tool Company was negligent in that they failed to clearly mark their grinding machine with the proper warning of the limitations of the said machine.,

35. Chicago Pneumatics(sic) Tool Company was negligent in that they failed to install guards on their grinding machine so as to keep abrasive splinters from injuring users of the said machine.

36. Chicago Pneumatics(sic) Tool Company was negligent in that they failed to label their machines in such a way that any limitations of the said machine were visable to the user even after normal use of the said machine.

37. Chicago Pneumatics(sic) Tool Company was negligent in that they failed to supply and design guards for their machines that were not removable.

38. 3M Company was negligent in as much as

they knew or should have known that the helmet marketed by them was unfit for the purpose for which it was sold.

39. 3M Company was negligent in as much as they failed to warn users of the said helmet that the design of the helmet would not safeguard them from abrasive wheel debris."

This case has become a regular fixture on our pre-trial argument lists. Fortunately the issue now before us does not require that we document the torturous pre-trial jockeying between the parties. At this point plaintiff has filed a petition upon which we granted a rule to show cause against defendants why the complaint should not be amended to include allegations of strict liability. Since the statute of limitations has long since run defendants have objected and claimed untold prejudice should we grant the relief requested.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

Amendments to pleadings are freely allowed under the Rules of Civil Procedure but are subject to the qualification that an amendment may not introduce a new cause of action after the statute of limitations has run. Kuisis v. Bald.-Lima-Hamilton Corp., 457 Pa. 321, 319 A.2d 914 (1974); Sanchez

v. City of Philadelphia, 302 Pa. Super. 184, 319 A.2d 914 (1982).

In Kuisis, appellant was injured by a load of steel pipe which fell on him when a brake locking mechanism on a crane from which the pipe was suspended became disengaged. He instituted a suit in which it was specifically alleged that the crane was manufactured and sold with a defective braking system so that it was unreasonably dangerous to him and that defendant had failed to give appropriate warning to the users of the machine. After the statute of limitations had run he was permitted, over objection, to amend his complaint in order to perfect his claim under §402A of the Restatement (Second) of Torts. The Supreme Court upheld this amendment, stating:

"Appellant's claim under §402A was clearly implicit in his allegations of negligence in the design and manufacture of the crane. The principle of strict liability in torts adds nothing to Kuisis' theory of how the accident occurred; it operates merely to simplify his proof problem by eliminating the issue of negligence from the case. If in negligence actions "we have defined 'cause of action' as 'the negligent act or acts which occasioned the injury' ", Saracina v. Cotoia, 417 Pa. 80, 85, 208 A.2d 764 (1965), under section 402A, it is the defect itself which constitutes the cause of action. Thus, it is of no moment that the theories of negligence and strict liability may be subject to different defenses and require different measures of proof. Assuming arguendo that two different causes of action are involved here, for purposes of the statute of limitations, both were stated in the original complaint." (Footnotes omitted.) Kuisis supports the amendment in this case.

In Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966), the Pennsylvania Supreme Court expressly

adopted section 402A of the Restatement (Second) of Torts, which provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) applies although

(a) The seller has exercised all possible care in the preparation and sale of his product, and

(b) The user or consumer has not bought the product from or entered into any contractual relation with the seller."

In Berkebile v. Brantly Helicoptor Corp., 462 Pa. 83, 337 A.2d 893 (1975), the Supreme Court noted:

"A 'defective condition' is not limited to defects in design or manufacture. The seller must provide with the product every element necessary to make it safe for use. One such element may be warnings and/or instructions concerning use of the product. A seller must give such warning and instructions as are required to inform the user or consumer of the possible risks and inherent limitations of his product. Restatement (Second) of Torts §402A, comment h. If the product is defective absent such warnings, and the defect is a proximate cause of the plaintiff's injury, the seller is strictly liable without proof of negligence."

"Comment h to the section (402A) makes it clear that a product, as to which adequate warning of danger involved in its use is required, sold without

such warning is in a 'defective condition.' " Incollingo v. Ewing, et al., 444 Pa. 263, 282 A.2d 206 (1971).

In Cornell Drilling Co. v. Ford Motor Co., 241 Pa. Super. 129, 359 A.2d 822 (1976), the Superior Court held that plaintiff need only prove a "defective condition," not a specific defect.

Pa. R.C.P. 1019(a) requires that material facts be pleaded, not conclusions of law. Plaintiff's complaint avers that the subject abrasive wheel shattered and the parts pierced the protective helmet he was wearing. There is a specific averment that defendant SGL Industries failed to correctly construct the wheel. This is in effect an averment that the wheel was defective. Likewise, it was averred that 3M's helmet was unfit for the purposes for which it was sold; in other words, it was defective. Chicago Pneumatic is alleged to have failed to provide adequate guards on the subject machine; in other words, the product was not provided with every element necessary to make it safe for use. All defendants are alleged to have provided inadequate warnings; in other words, they sold their products in a "defective condition."

As in Kuisis, "the allegations of his original complaint comprise " 'the material facts' " on which his claim under §402A is based . . . The amended complaints suggest no new theory of causality or breach of duty by defendant. We are satisfied that it works no prejudice to [defendants] by stating a new cause of action." As in Kuisis, "[a]ssuming arguendo that two different causes of action are involved here, for purposes of the statute of limitations, both were stated in the original complaint."

Defendants cite Sanchez v. City of Philadelphia, 302 Pa. Super. 184, 448 A.2d 588 (1982), in support of their position; however, the facts of that case are clearly distinguishable from this one. In Sanchez a

mother brought suit to recover damages on behalf of her minor daughter. She also sought damages for herself which she incurred on behalf of her daughter in providing for the treatment of her injuries. After the statute of limitations had run the mother sought to amend her complaint to add a count seeking damages for personal injuries to herself that she sustained in the accident. Relying on Schwab v. P.J. Oesterling & Son, Inc., 386 Pa. 388, 126 A.2d 418 (1956), the Superior Court held that the count seeking damages for personal injuries to herself was more than an amplification of an existing cause of action; it was an attempt to state a new cause of action.

In the present case plaintiff's petition to amend is an amplification of an existing cause of action; it is not a new cause of action. The amendment is therefore allowable under the reasoning of Kuisis v. Bald.-Lima-Hamilton Corp., supra. As plaintiff sets forth in paragraph 3 of his petition seeking to amend: ". . . [t]he facts as set forth in the complaint if proven would justify recovery on a theory of strict liability."

### ORDER OF COURT

And now, this December 17, 1984, the rule entered on October 5, 1984, against SLG Industries, Inc., Chicago Pneumatic Tool Company and 3M Company, to show cause why plaintiff's complaint should not be amended as to each of them to allege strict liability, is made absolute. The amendment of the complaint alleging strict liability against each defendant is granted.