511 A.2d 204

**Gail D. BOARTS and Terry J. Boarts, Administrators of the Estate of Roberta Boarts, and Gail D. Boarts and Terry J. Boarts, In Their Own Right, Appellants**

v.

**James A. McCORD, M.D., Michael J. Jochnowitz, M.D., Penn Valley Obstetrical and Gynecological Associates, Ltd. and North Penn Hospital.**

Superior Court of Pennsylvania.

Argued March 11, 1986.

Filed June 11, 1986.

Mark S. Fridkin, Philadelphia, for appellants.

Ralph L. Hose, Ardmore, for North Penn Hosp., appellee.

M. Cathleen Driscoll, Norristown, for McCord, Jochnowitz, Penn Valley Obstetrical and Gynecological Associates, appellees.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an Order dismissing appellants' amended complaint seeking damages arising out of the stillborn birth of appellants' child. We affirm.

After the delivery of their stillborn child on July 27, 1982, plaintiffs-appellants, Gail and Terry Boarts, instituted this action by filing on June 26, 1984, a summons against defendants-appellees, Dr. James A. McCord, Dr. Michael J. Jochnowitz, Penn Valley Obstetrical and Gynecological Associates and North Penn Hospital. On November 5, 1984,

plaintiffs filed a complaint alleging negligence on the part of the defendants in the stillborn delivery of their child and seeking recovery under the Wrongful Death and Survival Acts, Acts of 1976, July 9, P.L. 586, No. 142 § 2, effective June 27, 1978, 42 Pa.C.S.A. §§ 8301(a), 8302. The complaint also included a claim for loss of consortium of the child. On December 5, 1984, defendants, Dr. James A. McCord, Dr. Michael J. Jochnowitz and Penn Valley Obstetrical and Gynecological Associates, filed preliminary objections in the nature of demurrer, seeking dismissal of plaintiffs' claims under the Wrongful Death and Survival Acts. Defendant, North Penn Hospital, filed its preliminary objections on December 7, 1984.

On December 12, 1984, in response to the preliminary objections of the defendants, the plaintiffs filed an amended complaint wherein their Wrongful Death and Survival claims were abandoned. Instead, the amended complaint contained plaintiffs' claim for the negligent infliction of emotional distress and plaintiff-husband's claim for the loss of consortium of his wife, in addition to the claim for loss of consortium of their child. Defendant, North Penn Hospital, filed preliminary objections in the nature of a demurrer to plaintiffs' amended complaint on December 20, 1985, and defendants, Dr. James A. McCord, Dr. Michael J. Jochnowitz and Penn Valley Obstetrical and Gynecological Associates, filed a demurrer on January 10, 1985. On January 25, 1985, plaintiffs filed a motion to strike defendants' preliminary objection to plaintiff's amended complaint.

On March 14, 1985, the lower court, by the Honorable Louis D. Stefan, denied plaintiffs' motion to strike the defendants' preliminary objections to plaintiffs' amended complaint. On June 28, 1985, the lower court, by the Honorable Lawrence A. Brown, granted defendants' preliminary objections, thereby dismissing plaintiffs' amended complaint. This appeal followed.

Appellants-plaintiffs' present four issues for our review: (1) whether the lower court properly exercised its discretion in denying plaintiffs' preliminary objections in the nature of

a motion to strike defendants' preliminary objections, where defendants filed their preliminary objections to plaintiffs' amended complaint beyond the deadline set forth in Pa.R. C.P. 1026; (2) whether plaintiffs' amended complaint was properly dismissed as to plaintiffs' claim for negligent infliction of emotional distress; (3) whether Pennsylvania law permits recovery under the Wrongful Death Act and the Survival Statute for the death of a stillborn child; and (4) whether plaintiffs should be allowed to recover for loss of consortium of their stillborn child.

Plaintiffs allege that the lower court abused its discretion in denying plaintiffs' preliminary objections in the nature of a motion to strike defendants' preliminary objections, where defendants filed their preliminary objections to plaintiffs' amended complaint beyond the deadline set forth in Pa.R. C.P. 1026. We disagree.

■ Pennsylvania Rule of Civil Procedure 1026 states in pertinent part:

"Every pleading subsequent to the Complaint shall be filed within twenty (20) days after service of the preceding pleading."

In the instant case, plaintiffs' filed an amended complaint on December 12, 1984. Plaintiffs allege that defendants were served with a copy of said amended complaint by mail within a day or two of December 12, 1984. (Appellants' Brief, p. 23). Defendant, North Penn Hospital, filed preliminary objections in the nature of a demurrer to plaintiffs' amended complaint on December 20, 1984. However, defendants, Dr. James A. McCord, Dr. Michael J. Jochnowitz and Penn Valley Obstetrical and Gynecological Associates, did not file their preliminary objections until January 10, 1985. Since their filing on January 10, 1985, is beyond the alloted twenty (20) days, plaintiffs' allege that defendants have violated Pa.R.C.P. 1026 and their preliminary objections to appellants' amended complaint should be stricken.

In *Allison v. Merris*, 342 Pa.Super. 571, 572–76, 493 A.2d 738, 739–40 (1985), the court held:

Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed "if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court." Quoting *Paulish v. Bakaitis,* 442 Pa. 434, 437–41, 275 A.2d 318, 321–22 (1971); *Fisher v. Hill,* 368 Pa. 53, 54–58, 81 A.2d 860, 862–63 (1951).

Where possible, the rules of civil procedure, including filing rules, should be liberally construed in order to effect equitable results. Pa.R.C.P. 126, *Urban v. Urban,* 332 Pa.Super. 373, 378–80, 481 A.2d 662, 665 (1984).

In the case at bar, after a careful study of the record, we find that the lower court did not abuse its discretion by refusing to strike defendants' preliminary objections. Plaintiffs had not suffered any prejudice by reason of the delay in the filing of defendants' preliminary objections, especially since plaintiffs had already been put on notice as to the nature of the objections by defendant, North Penn Hospital's, preliminary objections filed on December 20, 1984. In addition, justice required that plaintiffs' amended complaint proceed to resolution on the merits; i.e., whether plaintiffs' amended complaint stated a cause of action for which damages are compensable.

Plaintiffs further allege that their amended complaint was improperly dismissed as to plaintiffs' claim for negligent infliction of emotional distress, in that Pennsylvania law recognizes a cause of action for negligent infliction of emotional distress resulting from the stillbirth of a viable fetus and plaintiffs' pleadings made out a prima facie case for such a cause of action. However, defendants argue that plaintiffs' claim for the negligent infliction of emotional distress was first pleaded beyond the two-year Statute of Limitations and plaintiffs are barred from recovery. After a careful review of the record, we agree.

The applicable Statute of Limitations covering a claim for negligent infliction of emotional distress as set forth in 42 Pa.C.S.A. § 5524 states:

The following actions and proceedings must be commenced within two years;

\*    \*    \*    \*    \*    \*

(2) an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

Plaintiffs' claim for negligent infliction of emotional distress was first pleaded in plaintiffs' amended complaint on December 12, 1984. This was more than two years after the cause of action arose on July 27, 1982, when plaintiffs' daughter was delivered stillborn.

■ The general rule is that an amendment will not be permitted after the Statute of Limitations has run, if it introduces a new cause of action. *Sanchez v. City of Philadelphia*, 302 Pa.Super. 184, 185–87, 448 A.2d 588, 589 (1982); *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 325–26, 319 A.2d 914, 918 (1974). However, if the amendment would only amplify or enlarge the existing cause of action, it will be permitted. *Laursen v. General Hospital of Monroe County*, 494 Pa. 238, 241–43, 431 A.2d 237, 239 (1981).

■ In negligence actions, we have defined "cause of action" as "the negligent act or acts which occasioned the injury." *Saracina v. Cotoia*, 417 Pa. 80, 85–87, 208 A.2d 764, 767 (1965). However, in *Sanchez v. City of Philadelphia, supra*, 302 Pa.Superior Ct. at 188, 448 A.2d at 590, the court held that it did not find the definition of "cause of action" in *Saracina v. Cotoia, supra*, 417 Pa. at 208 A.2d at 767, dispositive. Although the definition defines "cause of action" as "the negligent act or acts which occasioned the injury," it does not refer to whom the duty was owed.

In *Sanchez v. City of Philadelphia, supra*, 302 Pa.Superior Ct. at 189, 448 A.2d at 590–591, while appellant is

named in the original complaint, she is not named as one who has been personally injured. Her only claims were that she incurred and might continue to incur medical expenses for her daughter's care, and that she would suffer financial injury if her daughter's earnings to which she would be entitled during the child's minority were impaired. The court ruled that in appellant's original complaint she pleaded only derivative claims, while in the amendment she sought to recover "in her own right" for her own injuries which had not been mentioned in the original complaint. Therefore, the court held that appellant's amendment was more than an amplification of an existing cause of action.

In the instant case, plaintiffs assert that there was no change in factual averments and that every material fact and assertion set forth in the amended complaint was also pleaded in the original complaint. Plaintiffs further allege that the amended complaint merely brought forth an additional element of damages for a cause of action already within the original complaint and summons. (Appellants' Brief, p. 21).

While plaintiffs are named in the original complaint, they are not named as the persons who have been personally injured. Like the mother in *Sanchez v. City of Philadelphia, supra,* plaintiffs pleaded only derivative claims in their original complaint. Their claims in the original complaint were for reimbursement for medical expenses, funeral expenses and other expenses incurred in connection with their stillborn daughter's death, for deprivation of society, companionship and consortium of their daughter, for damages for the conscious pain and suffering undergone by their daughter before death and for the economic value of their daughter's life during the period of her left expectancy and that of her parents.

Plaintiffs' claim for negligent infliction of emotional distress in their amended complaint is more than an amplification of an existing cause of action since now they are seeking to recover "in their own right" for their own injuries. Thus, plaintiffs are barred by the two-year Stat-

ute of Limitations from proceeding with this action on the ground of negligent infliction of emotional distress since they have actually added a new cause of action.

■ Moreover, after a careful review of the record, we find that, even if plaintiffs had complied with the Statute of Limitations concerning the addition of the claim for negligent infliction of emotional distress, no cause of action for negligent infliction of emotional distress would exist. We agree with the lower court's findings that plaintiffs' complaint failed to show that there had been any physical manifestation of the emotional distress that plaintiffs' allegedly suffered. The lower court stated that plaintiffs' complaint was "devoid of any allegations that Mrs. Boarts sustained physical injury at the hands of defendants, that she feared physical injury, or that she witnessed physical injury to her child." (Opinion, p. 4). Plaintiffs' complaint was also devoid of any allegations that Mr. Boarts suffered any physical harm at the hands of defendants.

In *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 127–30, 437 A.2d 1236, 1239–40 (1981), the court ruled that there could be no cause of action for negligent infliction of emotional distress because the plaintiff in his complaint sought recovery for severe mental anguish and emotional stress, but did not show any physical harm. The *Banyas* court cited the Restatement of Torts § 436A:

§ 436A. **Negligence Resulting in Emotional Disturbance Alone**

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

Comment A to the Section explains that "Under the rule stated in this Section, the negligent actor is not liable when his conduct results in the emotional disturbance alone, without the bodily harm or other compensable damage."

Thus, we would err in finding a cause of action without an allegation of bodily harm.

Plaintiffs also question whether Pennsylvania law permits recovery under the Wrongful Death Act and the Survival Statute for the death of a stillborn child. In *Amadio v. Levin*, 509 Pa. 199, 208, 501 A.2d 1085, 1089 (1985), our Supreme Court recently ruled that the estate of a child born dead has the right to institute a survival and wrongful death action for fetal injuries suffered *en ventre sa mere.*

In the instant case, on November 5, 1984, plaintiffs filed their original complaint pursuant to the Pennsylvania Wrongful Death Act and Survival Act. However, plaintiffs filed an amended complaint on December 12, 1984, wherein their Wrongful Death and Survival claims were abandoned.[1] It is well established that, in order for a party to preserve a specific point for appellate review, it must first be raised in the lower court. A theory of relief, different from those raised by the party in the lower court, may not be successfully advanced for the first time on appeal. *In re S.C., Allegheny County Children and Youth Services*, 280 Pa. Super. 539, 544, 421 A.2d 853, 856 (1980). As plaintiffs failed to sue under the Wrongful Death and Survival Statutes, we find that appellants have waived this issue.

Moreover, plaintiffs sought to recover, in their own right, for the loss of consortium of their daughter. In addition, in plaintiffs' amended complaint, plaintiff-husband claimed he had been deprived of the society, companionship and consortium of his wife.

Pennsylvania courts have long held that an action for loss of consortium is a derivative action. *Scattaregia v. Shin Shen Wu*, 343 Pa.Super. 452, 456, 495 A.2d 552, 553–54 (1985). The rational for considering the action derivative is as follows:

1. At the time that plaintiffs filed their original complaint and amended complaint, Pennsylvania law did not permit recovery under the Wrongful Death Act and the Survival Statute for the death of a stillborn child.

The consortium claim and the personal injury claim are closely interconnected; together, they represent the total, compensable damages—direct and indirect—suffered as a result of the principal plaintiff's injury. Viewed in this light, it makes little sense to hold that an injured party's negligence would bar or limit his recovery for *direct* injury, but would not affect his spouse's recovery for *indirect* injury.

The consortium plaintiff ... has suffered no direct injury.... [His] right to recover is derived, both in a literal and legal sense, from the injury suffered by [his] spouse.

*Scattaregia v. Shin Shen Wu,* Id., 495 A.2d at 553–54, quoting *Maidman v. Stagg,* 82 A.D. 299, 305, 441 N.Y.S.2d 711, 715 (1981).

In the instant case, plaintiffs' claim for the loss of consortium of their daughter and plaintiff-husband's claim that he had been deprived of the society, companionship and consortium of his wife were properly dismissed, since in this case there is no cause of action for which damages are compensable. The necessary demonstration of direct injury does not exist. Plaintiffs' claim for recovery under the Wrongful Death Act and Survival Statute for the death of a stillborn child has been waived, and plaintiffs' claim for negligent infliction of emotional distress was properly dismissed by the lower court for failure to state a pursuable cause of action.

Order affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I join the majority opinion. I do so because, as I understand its opinion, the majority does not hold, either expressly or by necessary implication, that a parent has a legally recognized claim for the loss of consortium of a child. Such a claim has not been recognized by the appellate courts of this Commonwealth.