## McMahon v. Constantino

*Eric G. Zajac,* for plaintiffs.
*Stanley P. Stahl,* for defendants.

QUIÑONES ALEJANDRO, *J.,* July 26, 2001—

## INTRODUCTION

Dawn McMahon and James McMahon, plaintiffs, argue on appeal that the preliminary objection challenging venue and requesting a transfer of the case to Bucks County, filed by George Constantino M.D., and C.V. Surgical Associates P.C., defendants, was erroneously sustained. This motion judge disagrees.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

This motion judge carefully reviewed the pleadings, exhibits, and the memorandum filed in this matter. Briefly, the factual and procedural record defined by these pleadings, is as follows:

"Plaintiffs Dawn and James McMahon, wife and husband, reside at 1217 Magnolia Avenue, Croyden, Bucks County, Pennsylvania.

"Defendant George Constantino M.D. is a physician licensed in the Commonwealth of Pennsylvania, and employed at defendant C.V. Surgical Associates P.C.

"Defendant C.V. Surgical Associates is a professional corporation located at 402 Middletown Boulevard, Suite 214, Langhorne, Bucks County, Pennsylvania.

"On January 28, 1999, plaintiff-wife was treated by defendants for her complaints of esophagitis reflux. Based upon defendant Constantino's findings, she was scheduled for a laparoscopic fundoplication.

"On February 4, 1999, plaintiff-wife underwent a barium swallow esophogram which showed no evidence of a hiatal hernia or spontaneous reflux, and a normal swallowing function.

"On February 24, 1999, plaintiff-wife underwent the scheduled laparoscopic fundoplication which was performed by defendant Constantino.

"On April 19, 1999, a follow-up evaluation of the stomach showed a deformity of the fundal region, and a worsening of plaintiff-wife's symptoms.

"On October 19, 1999, plaintiff-wife consulted with Andrew T. Fanelli M.D., for complaints of exacerbation of her upper GI tract symptomatology. Plaintiff-wife was referred to Daniel T. Dempsey M.D., who practices at Pennsylvania Hospital, Philadelphia, Pennsylvania. On December 10, 1999, Dr. Dempsey performed the revision surgery at Pennsylvania Hospital. Plaintiff-wife continued under the care of Dr. Dempsey through at least March 21, 2000."

On January 17, 2001, plaintiffs filed a civil action in Philadelphia County alleging professional negligence and medical malpractice against George Constantino M.D., and C.V. Surgical Associates P.C. On January 29, 2001,

defendants were served with the complaint in Bucks County. On March 16, 2001, defendants filed preliminary objections to the complaint, which were responded to by plaintiffs. On April 5, 2001, plaintiffs filed preliminary objections to defendants' preliminary objections, essentially challenging the timeliness of defendants' preliminary objections. These pleadings were assigned to this motion judge. By separate orders dated May 15, 2001, this motion judge overruled plaintiffs' preliminary objections to defendants' preliminary objections; sustained defendants' preliminary objections, and ordered the case transferred to Bucks County, with plaintiffs to pay the costs associated with the transfer.

Dissatisfied with these orders, plaintiffs filed a timely appeal on May 24, 2001.

On July 5, 2001, plaintiffs filed a motion for reconsideration, which was denied, as untimely filed.

## ISSUE

In response to an order issued in accordance with Pa.R.A.P. 1925(b), plaintiffs on June 4, 2001, filed on record a statement of matters complained of on appeal and argued that this motion judge erred:

"(1) in granting defendants' preliminary objections in the absence of a meaningful factual record;

"(2) in failing to permit and/or consider discovery on the issue of defendants' business activities in Philadelphia County even though such discovery was being actively sought by plaintiffs pursuant to Rule 1028(c)(2);

"(3) in failing to recognize that the case does have ties to Philadelphia County;

"(4) in failing to consider plaintiff's medical care in Philadelphia County;

"(5) in ordering plaintiffs to pay the costs of transfer, in light of the failure of defendants to seek such relief; and

"(6) in overruling plaintiffs' preliminary objections where defendant offered no reasonable explanation as to the untimeliness of their preliminary objections, and where defendants' preliminary objections were not endorsed with a notice to plead."

## LAW AND DISCUSSION

Clearly, a trial/motion judge has the discretion to rule on preliminary objections that argue improper venue. *Mathues v. Tim-Bar Corp.,* 438 Pa. Super. 231, 234, 652 A.2d 349, 351 (1994). A court's ruling will depend on the facts of the particular case and will not be disturbed if the decision is a reasonable one in light of the facts. *Masel v. Glassman,* 456 Pa. Super. 41, 45, 689 A.2d 314, 316 (1997). A plaintiff's choice of forum is given great weight and it is the defendant who has the burden in asserting a challenge to the plaintiff's choice of venue. *Kubik v. Route 252 Inc.,* 762 A.2d 1119 (Pa. Super. 2000); *Shears v. Rigley,* 424 Pa. Super. 559, 564, 623 A.2d 821, 824 (1993). Further, a decision to transfer will not be reversed unless there is a showing of an abuse of discretion. *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239 (Pa. Super. 1997). To show an abuse of discretion,

an appellant must show that in reaching a conclusion, either a law was overridden or misapplied, or the judgment exercised was manifestly unreasonable, or the result of bias, prejudice, or ill will. *Id.*

"The proper way to challenge venue in a civil action is through a preliminary objection." *Boyce v. St. Paul Property & Liability Insurance Co.,* 421 Pa. Super. 582, 588, 618 A.2d 962, 965 (1992), see also, Pa.R.C.P. 1006(e) and 1028(a)(1). Questions of venue must be raised at the first reasonable opportunity or they are waived. *Kubik, supra.*

Pa.R.C.P. 1006(e) also provides that where there is a challenge of improper venue made by preliminary objections, if the preliminary objection is sustained and there is a county of proper venue in the state, the court shall transfer the case to the appropriate court of that county with costs and fees to be paid by the plaintiff.

Venue in an action brought against individual(s) is governed by Pa.R.C.P. 1006(a), which provides, in part:

"[A]n action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where the transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law."

Venue in an action against a corporation is governed by Rule 2179(a), which provides:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal ac-

tion against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

Here, plaintiffs initially claim that this motion judge erred because there was a lack of a meaningful record. The relevant facts to consider regarding venue depend on whether a particular defendant is an individual or a corporation. From the record, it appears that defendant Constantino resides and is employed in Bucks County by defendant CVSA, which has its principal place of business in Bucks County. Both defendants were served with the complaint in Bucks County. The alleged medical malpractice action or cause of action occurred in Bucks County; that is, plaintiff-wife was treated and operated by defendants *only* in the Langhorne, Bucks County office.[1] Defendant CVSA avers that neither it nor its employees conduct business in Philadelphia; that it does not advertise in Philadelphia, care for patients in Philadelphia, own property or a facility to see patients in Philadelphia, employ anyone from Philadelphia County, and/or have any professional affiliations in Philadelphia. Thus, based on the rules of civil procedure and case law, clearly all material and relevant facts were considered

---

1. The corrective surgery, performed by a physician who is not a party to this litigation, occurred in a Philadelphia medical facility.

when sustaining defendants' preliminary objections and transferring this matter to Bucks County.

Further, it is not always necessary to conduct a fact-finding inquiry or allow discovery prior to ruling on preliminary objections. If an issue of fact is raised, a court must rely on facts raised by depositions or *otherwise.* See Pa.R.C.P. 1028(c)(2); *Hamre v. Resnick,* 337 Pa. Super. 119, 120 n.2, 486 A.2d 510 n.2 (1984), wherein the court held that relying only on the pleadings of record was a correct procedure in many cases, citing *Matter of D.L.S. and J.L.S.,* 278 Pa. Super. 446, 420 A.2d 625 (1980), and *McCrory v. Abraham,* 441 Pa. Super. 258, 657 A.2d 499 (1995), which held that where other undisputed facts provide a sufficient and reliable basis for the trial court's decision, neither deposition testimony nor a hearing is required. Here, this motion judge opines that no error was committed in refusing to allow limited depositions on the issue of venue.

Next, plaintiffs contend that defendant CVSA regularly conducts business in Philadelphia County, and rely on a previous lawsuit filed in Philadelphia County at a time when defendant CVSA had an office in Philadelphia. Defendant CVSA admits to the lawsuit which occurred in November of 1996. However, defendant CVSA asserts that at all times relevant to *this* lawsuit it had no office listing in Philadelphia County, and had an office *only* in Langhorne, Bucks County, Pennsylvania. In this motion judge's opinion, this previous lawsuit does not perpetually grant venue in Philadelphia County in actions brought against defendant CVSA. Venue must be determined on a case-by-case basis. *Kubik, supra; Purcell*

*v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990). Presently and relying on the fact that defendant CVSA's principle and only office is located in Bucks County, venue does not lie in Philadelphia County. In addition, a lower court's determination that a corporation was not regularly conducting business in a particular county will not be overturned when such conclusion is a reasonable one in view of the facts. *Panzano v. Lower Bucks Hospital,* 395 Pa. Super. 480, 482, 577 A.2d 644 (1990). Thus, in this motion judge's opinion, plaintiffs' argument is without merit.

Plaintiffs also contend that this motion judge failed to recognize the ties this case has with Philadelphia and argue that this motion judge should have considered plaintiff-wife's subsequent treatment in Philadelphia County, even though the physicians involved in the subsequent treatment were not sued in this action. In support of their position, plaintiffs rely on the matters of *Hoose v. Jefferson Home Health Care Inc.,* 754 A.2d 1 (Pa. Super. 2000), *appeal denied,* 564 Pa. 734, 766 A.2d 1249 (2001), and *Cooper v. Nationwide Mutual Insurance Co.,* 761 A.2d 162 (Pa. Super. 2000), and the court's holding that it was improper to grant a motion to transfer venue, considering, among other factors, that the plaintiff received care and treatment in Philadelphia County relevant to the underlying medical condition. *Hoose, supra* at 4; *Cooper, supra* at 165. Plaintiffs argue that the facts in those cases are similar to the facts in this instant case in that *all treatment pertinent to the alleged malpractice was rendered outside Philadelphia County.* Here, because defendant Constantino allegedly did not

perform the initial laparoscopic surgery correctly, plaintiff-wife was compelled to seek additional medical care and found it in Philadelphia County. Based on these circumstances, plaintiffs reason that venue should not have been transferred because of the medical treatment received from other physicians in Philadelphia County.

In this motion judge's opinion, plaintiffs' reliance on *Hoose* and *Cooper* is misplaced. In *Hoose* and *Cooper,* the appellate court reversed the lower courts' orders transferring venue on the basis of the doctrine of forum non conveniens, not on arguments of improper venue, which is the issue here. The rules of civil procedure provide criteria for transfers of venue depending on the basis for the request.

Specifically, Pa.R.C.P. 1006(d)(1) allows for a transfer of venue based on the doctrine of forum non conveniens, when:

"For the *convenience* of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." (emphasis added)

This motion judge is acutely aware of the distinction between *preliminary objections challenging venue* filed pursuant to Rule 1028(a)(1) and Rule 1006(a), and *a petition to transfer venue based on forum non conveniens* filed pursuant to Rule 1006(d)(1). Rule 1006(d) cannot apply to a case where venue is wrongly laid; this is distinctly regulated by Rule 1006(a). *U.S. Cold Storage Corp. v. City of Philadelphia,* 431 Pa. 411, 419, 246 A.2d 386, 390 (1968). Here, defendants are not seeking a change of venue based on forum non conveniens. This

motion judge was not asked to consider such factors as: the relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, the possibility of viewing the premises and enforceability of the order. *Scribner v. Mack Trucks,* 427 Pa. Super. 71, 628 A.2d 435 (1993), *appeal denied,* 537 Pa. 623, 641 A.2d 588 (1994). Rather, this motion judge was asked to decide whether venue is proper in Philadelphia County. Based on the evidence of record and analysis provided, it is not.

Plaintiffs next argue that it was improper for this motion judge to order plaintiffs to pay the costs of transfer, since defendants did not seek such relief. Pa.R.C.P. 1006(e) provides for the costs of transfer of a case to another county to be paid for by the plaintiff:

"If a preliminary objection to venue is sustained and there is a county of proper venue within the state the action shall not be dismissed but shall be transferred to the appropriate court of that county. *The costs and fees for transfer and removal of the record shall be paid by the plaintiff.*" (emphasis added)

In this motion judge's opinion, defendants need not have specifically requested relief for the costs of transfer. The plain language of the rule and the effect of sustaining preliminary objections as to venue, require it.

Plaintiffs finally argue that this motion judge erred in overruling plaintiffs' preliminary objections to defendants' preliminary objections where defendants offered no reasonable explanation as to the untimeliness of their (defendants) preliminary objections, and where defen-

dants' preliminary objections were not endorsed with a notice to plead. As stated, defendants were served with the complaint on January 29, 2001. Preliminary objections were filed on March 16, 2001, apparently 26 days late. See Pa.R.C.P. 1026(a). Notwithstanding, this motion judge opines no error was committed.

In *Ambrose v. Cross Creek Condominiums,* 412 Pa. Super. 1, 602 A.2d 864 (1992), the Superior Court held that the trial court did not abuse its discretion in refusing to strike a defendant's preliminary objections, based on their untimely filing where delay was brief, plaintiffs had not acted to take default judgment, and plaintiffs did not suggest that they were prejudiced by the brief delay in filing defendant's responsive pleading. The *Ambrose* court stated:

"This court has recognized that it is within the sound discretion of the trial court to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires. *Boarts v. McCord,* 354 Pa. Super. 96, 100-101, 511 A.2d 204, 207 (1986); *Louis v. Clark,* 227 Pa. Super. 547, 550, 323 A.2d 298, 299-300 (1974). Where possible, the rules of civil procedure, including filing rules, should be liberally construed in order to effect equitable results. Pa.R.C.P. 126; *Boarts v. McCord,* 354 Pa. Super. at 101, 511 A. 2d at 207." *Ambrose* at 10, 602 A.2d at 868; see also, *Gale v. Mercy Catholic Medical Center Eastwick Inc.,* 698 A.2d 647 (Pa. Super. 1997), *appeal denied,* 564 Pa. 722, 716 A.2d 1249 (1998); Pa.R.C.P. 1026(a).

Further, it has long been the law that the rule requiring the filing of a responsive pleading within 20 days is

not absolute. Specifically, *Fisher v. Hill,* 368 Pa. 53, 57, 81 A.2d 860, 863 (1951), held that Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed "if the opposite party is not prejudiced and justice requires. *Much must be left to the discretion of the lower court."* (emphasis added)

Here, plaintiffs neither took a default judgment nor did they convincingly argue any prejudice they suffered by defendants' failure to file a responsive pleading within 20 days, as required by Pa.R.C.P. 1026(a). Based on the rules, case law and procedural history of this case, this motion judge opines that an abuse of discretion did not occur.

Plaintiffs argue that they were prejudiced by defendants' untimely filing of preliminary objections. They contend that by letter dated March 7, 2001, counsel for defendants requested additional time to file a response to the complaint, to which plaintiffs acquiesced but specified that any extension would be *to answer only.* Plaintiffs' letter dated March 14, 2001, stated as follows:

"Enclosed please find the preliminary objections, on behalf of defendants, George Constantino M.D. and C.V. Surgical Associates P.C., with regard to the above-captioned action, filed with the court this date. Please be advised that your answer is due within 30 days of the date of the filing of this motion, or, April 16, 2001."

This situation is similar to *Ambrose* where defense counsel similarly requested an extension of time by letter. There, plaintiffs' counsel responded the following:

"I am granting defendant an extension of two weeks after your receipt of the complaint to file an answer . . . . Please note that the extension of time requested in your letter and by phone was only to answer the complaint, and that is the only extension I have granted."

The *Ambrose* court found that no agreement permitting a late response was reached, even when "an exchange of letters had taken place." The court added:

"At the very least, the language contained in defendant's request for extension of time is unacceptably ambiguous: it can either refer to the right to file an answer (responsive pleading to include preliminary objections), or it could refer to the limited right to file an answer only. In any event, it is clear that counsel for the plaintiffs only granted an extension of time in which to file an answer and specifically refused to grant an extension for the filing of any other pleading. Clearly, mutuality of assent is lacking. Counsel for the defendant's request for 'an extension of time to answer the complaint' was denied by counsel for plaintiffs. Even though there was an exchange of letters, no agreement was reached. *Johnson,* 524 Pa. at 215, 570 A.2d at 74; *Burkett v. Allstate Insurance Co.,* 368 Pa. Super. 600, 608-609, 534 A.2d 819, 824 (1987)." *Ambrose, supra* at 9, 602 A.2d at 867.

Instantly, in asking for an extension of time to file a response, it is obvious that defendants did not accept the terms of plaintiffs' counsel's letter.[2] Thus, there was not a mutual consent as to what exactly (an answer or a response) the extension of time pertained.

---

2. A copy was not provided by plaintiff.

Likewise, the statement by plaintiffs that the late filing of preliminary objections is prejudicial to the plaintiffs and causes the plaintiffs a substantial diminution in their ability to present factual information in the event of trial, is vague. This is the commencement of the civil action and what prejudice or diminution in plaintiffs' ability to present the facts of their case by the transfer of venue is lost to this motion judge.

Finally, as to plaintiffs' argument that their preliminary objections should have been sustained because defendants failure to provide a notice to plead, Rule 1026(a) provides that the effect of not including a notice to plead is that the opposing party is not required to respond. Specifically, the rule provides that "no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." Pa.R.C.P. 1026. Thus, the failure to attach a notice to plead with defendants' preliminary objections to venue had the effect of not requiring plaintiffs to plead. In this regard, since plaintiffs did file preliminary objections and a response to defendants' preliminary objections, no prejudice was suffered.

## CONCLUSION

Based on the foregoing analysis, this motion judge opines that no errors were committed in sustaining defendants' preliminary objection and in transferring venue to Bucks County. This motion judge respectfully recommends that plaintiffs' appeal be dismissed, and said transferring order be affirmed.