495 A.2d 552

**Alyce SCATTAREGIA and Joseph R. Scattaregia, Her Husband, Appellant at No. 914 Pittsburgh, 1984,**

v.

**Dr. SHIN SHEN WU and Dr. Thomas W. Mering.**

**Appeal of Dr. SHIN SHEN WU, at No. 963 Pittsburgh, 1984.**

Superior Court of Pennsylvania.

Argued March 6, 1985.

Filed June 21, 1985.

Bryan W. Pizzi, II, Washington, for appellants (at 914), for appellee (at 963).

William D. Phillips, Washington, for Wu, appellant (at 963), for Wu, appellee (at 914).

James F. Israel, Pittsburgh, for Mering, appellant (at 963), for Mering, appellee (at 914).

Before BROSKY, WIEAND and LEDERER, JJ.[*]

BROSKY, Judge:

This is an appeal from the order denying appellants' motion for a new trial and entering judgment in this medical malpractice case. Appellees have filed a cross-appeal from the judgment. Of the many issues raised on appeal, the only one we find meritorious and deserving our attention is that issue raised by the appellees on cross-appeal concerning the husband's award for loss of consortium. Appellees claim that the trial court should have reduced the appellant-husband's award for loss of consortium by the percentage of negligence the jury attributed to his injured wife. We agree and order the judgment modified.

Appellants instituted an action in trespass for injuries sustained by the wife and for husband's loss of consortium due to the malpractice of the appellee physicians. The case was tried by a jury. Because there was evidence introduced as to the appellant-wife's contributory negligence, the trial court charged the jury on comparative negligence.

[*] Honorable William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

The jury returned a verdict finding each appellee 25.5% negligent and the appellant-wife 49% negligent. The jury found the wife's damages to be $25,000 and the husband's damages to be $5,000.

Appellants then filed a motion requesting the addition of delay damages under Pa.R.Civ.P. No. 238. In answer to appellants' motion, appellees requested the trial court to mold the verdict by reducing the husband's consortium damages to reflect the wife's degree of negligence and limit Rule 238 damages to that reduced amount.

■ After considering the various post-trial motions, the trial court entered judgment as follows:

| | |
|---|---|
| Mrs. Scattaregia—49% of $25,000 | $12,250.00 |
| Mr. Scattaregia— | 5,000.00 |
| Rule 238 Delay Damages | |
| From October 21, 1982—October 21, 1983 | |
| 10% of $17,250.00 | 1,725.00 |
| From October 22, 1983—February 16, 1984 | |
| 118 days, $17,250.00 at 10% | 565.22 |
| Total amount of verdict | $19,540.22 |

We note at the outset that the trial court's award to Mrs. Scattaregia should be 51% of $25,000 or $12,750. Pennsylvania's comparative negligence statute [1] calls for a plaintiff's damage to be *reduced* by his negligence. Thus, since Mrs. Scattaregia was found to be 49% negligent, she should be awarded 51% of her damages.

■ The issue raised on cross-appeal is whether a spouse's damages for loss of consortium should be reduced by the percentage of comparative negligence attributable to the injured spouse.[2]

There are nine comparative negligence jurisdictions that have considered this issue. Six of those states uphold proportional reduction. *Nelson v. Busby*, 246 Ark. 247, 437 S.W.2d 799 (1969); *White v. Lunder*, 66 Wis.2d 563, 225

1. Act of 1978, April 28, P.L. 202, No. 53 § 10 (89), effective June 27, 1978. 42 Pa.C.S. § 7102.

2. This issue has yet to be addressed by a Pennsylvania appellate court. However, at least one Common Pleas Court has determined that the award should be proportionally reduced. *Brenna v. Sabolsice*, 13 D. & C.3d 583 (1980).

N.W.2d 442 (1975); *Hamm v. City of Milton,* 358 So.2d 121 (Fla.1978); *Eggert v. Working,* 599 P.2d 1389 (Alaska 1979); *Maidman v. Stagg,* 82 A.D.2d 299, 441 N.Y.S.2d 711 (1981); *Runcorn v. Shearer Lumber Products, Inc.,* 107 Ida. 389, 690 P.2d 324 (1984). *Contra, Macon v. Seaward Construction Co., Inc.,* 555 F.2d 1 (1977) (interpreting New Hampshire law); *Lantis v. Condon,* 95 Cal.App.3d 152, 157 Cal.Rptr. 22 (1979); *Feltch v. General Rental Co.,* 383 Mass. 603, 421 N.E.2d 67 (1981). Each of the jurisdictions upholding proportional reduction view an action for loss of consortium as being derivative of the injured spouse's claim. The three comparative negligence jurisdictions opposing reduction declare a loss of consortium action to be independent of the injured spouse's right to recover. We follow the majority view that an action for loss of consortium is derivative of the injured spouse's claim.

Pennsylvania courts have long held that an action for loss of consortium is derivative. See, e.g., *Little v. Jarvis,* 219 Pa.Super. 156, 280 A.2d 617 (1971); *Elser v. Union Paving Co.,* 167 Pa.Super. 62, 74 A.2d 529 (1950); *Winner v. Oakland Township,* 158 Pa. 405, 27 A. 1110 (1893). The rationale for considering the action derivative is clear.

> The consortium claim and the personal injury claim are closely interconnected; together, they represent the total, compensable damages—direct and indirect—suffered as a result of the principal plaintiff's injury. Viewed in this light, it makes little sense to hold that an injured party's negligence would bar or limit his recovery for *direct* injury, but would not affect his spouse's recovery for *indirect* injury.

> The consortium plaintiff . . . has suffered no direct injury. . . . [His] right to recover is derived, both in a literal and legal sense, from the injury suffered by [his] spouse.

*Maidman,* supra 82 A.D.2d at 304, 441 N.Y.S.2d at 715.

As in those jurisdictions upholding proportional reduction, because a loss of consortium action has been viewed as derivative its success in this Commonwealth has always been dependent upon the injured spouse's right to recover.

Prior to the adoption of Pennsylvania's comparative negligence act, an injured spouse's contributory negligence would completely bar her own claim and would also preclude any recovery by the non-injured spouse for loss of consortium.[3]  See *Riesberg v. Pittsburgh & Lake Erie Railroad*, 407 Pa. 434, 180 A.2d 575 (1962).

■ Logically extending previous case law to actions affected by the comparative negligence act, we hold that where an injured spouse's comparative negligence reduces the spouse's damages in proportion to that negligence, the damages awarded the uninjured spouse for loss of consortium must likewise be proportionally reduced.  A contrary result would be inconsistent with the derivative nature of the loss of consortium action.[4]  "It is only logical that since his cause of action is derivative, [a husband] can have no better standing in court than [that] vested in his wife." *Nelson, supra* 246 Ark. at 255, 437 S.W.2d at 803.

Accordingly, the husband's damages shall be reduced by 49% to $2,550 and Rule 238 delay damages shall be calculated on damages of $15,300.  The order shall be modified to reflect proper judgment in this case as follows:

3. This is the result called for in the Restatement of Torts (Second) § 494 which provides:
   § 494. Negligence of Person for Whose Death or Loss of Services Action is Brought.
   The plaintiff is barred from recovery for an invasion of his legally protected interest in the health or life of a third person which results from the harm or death of such third person, if the negligence of such third person would have barred his own recovery.

4. The contrary result of allowing complete recovery against the third party tort-feasor and causing the third party tort-feasor to seek proportional contribution from the injured spouse would be viewing the loss of consortium action as one independent of the injured spouse's action.  See *Maidman, supra* 84 A.D.2d at 304, 441 N.Y.S.2d at 715.

| | |
|---|---:|
| Mrs. Scattaregia—51% of $25,000— | $12,750.00 |
| Mr. Scattaregia—51% of $5,000— | 2,550.00 |
| Rule 238 Delay Damages | |
| From October 21, 1982—October 21, 1983 | |
| 10% of $15,300 | 1,530.00 |
| From October 22, 1983—February 16, 1984 | |
| 118 days, $15,300 at 10% | 494.63 |
| Total amount of verdict | $17,324.63 |

This case is remanded to allow the trial court to modify its order consistent with this opinion. Jurisdiction relinquished.