515 A.2d 116

Mark Kowal and Laura Kowal, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, and Charles Paul Kugal, Appellees.

Argued March 12, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

594

*Bruce W. Bernard, Ely & Bernard,* for appellants.

*Brian H. Baxter,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 19, 1986:

Mark Kowal and his wife, Laura Kowal, appeal an Erie County Common Pleas Court order granting a motion to mold a verdict in their favor against the Department of Transportation (DOT) to $250,000 and assessing $73,834.52 in delay damages against DOT. We reverse and remand.

Mark Kowal was a passenger in an automobile which left the roadway of a Commonwealth highway, straddled the guardrail, and then flipped over due to an eight-foot gap in the guardrail. He was thrown from the vehicle onto the highway and suffered injuries which left him a permanent quadriplegic. The Kowals filed two suits, one against the driver, Charles Paul Kugal, and one against DOT.[1] Mark Kowal sought damages for loss of earnings, pain and suffering, and medical expenses. Laura Kowal sought damages for loss of consortium. These suits were consolidated for trial. A jury ver-

---

[1] Kugal joined DOT as an additional defendant in the suit against him; Kugal was joined as an additional defendant in the suit against DOT.

dict awarded Mark Kowal damages of $1,013,000 and Laura Kowal damages of $337,000.[2] DOT filed a post-trial motion requesting that the verdict be molded to $250,000, the limitation on the amount of damages recoverable by a *single plaintiff* against the Commonwealth and its agencies, including DOT. Section 8528(b) of the Judicial Code (Code).[3] The trial judge granted the motion and calculated delay damages upon the $250,000 molded verdict.

The Kowals initially contend that the $250,000 limitation on a plaintiff's recovery of damages from the Commonwealth violates the Pennsylvania and United States Constitutions. We disagree.

The constitutional arguments raised by the Kowals were also raised in *Lyles v. City of Philadelphia,* 88 Pa. Commonwealth Ct. 509, 490 A.2d 936 (1985). We held there that the $250,000 damage limitation was not constitutionally infirm. Our *Lyles* decision controls, and we therefore reject the Kowals' constitutional challenges to the damage limitation provision.[4]

The Kowals next contend that the trial judge erred in molding the total award to $250,000 because they are separate plaintiffs for purposes of recovery against the Commonwealth. We agree.

The Kowals argue that they are each plaintiffs in their own right because Laura Kowal's damages for loss of consortium are separate and distinct from her husband's damages stemming from his physical injuries.

---

[2] The Kowals gave a joint tortfeasor release to Kugal in exchange for $20,000, the limit of Kugal's automobile liability insurance policy. Therefore, DOT was wholly responsible to satisfy a judgment on the verdict for the Kowals.

[3] 42 Pa. C. S. §8528(b).

[4] We also reject the Kowals' contention that the rational relationship level of scrutiny was erroneously employed in analyzing the constitutional challenges raised in *Lyles*.

DOT asserts that a claim for loss of consortium merges with the injured spouse's personal injury claim and that recovery for both claims should therefore be limited to $250,000.

In a claim for loss of consortium, the injuries alleged are those to the uninjured spouse for loss of the injured spouse's society and services. Prosser, *Law of Torts* 889 (4th ed. 1971). *Hopkins v. Blanco,* 224 Pa. Superior Ct. 116, 302 A.2d 855 (1973), *aff'd,* 457 Pa. 90, 320 A.2d 139 (1974), held that a wife has a separate right to recover for loss of consortium arising from injury to her husband.

Section 8528(b) of the Code states that recoveries against the Commonwealth for "[d]amages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 in favor of *any plaintiff* or $1,000,000 in the aggregate." (Emphasis added.) Section 8528(c) of the Code[5] states that damages are recoverable against the Commonwealth for, *inter alia,* loss of earnings, pain and suffering, medical expenses, and loss of consortium. A claim for loss of earnings, pain and suffering, and medical expenses is made by one plaintiff, the injured spouse, while a claim for loss of consortium is made by another plaintiff, the uninjured spouse. Section 8528 clearly authorizes *each* of these plaintiffs to recover a maximum of $250,000 from the Commonwealth.

DOT cites decisions from this Commonwealth holding that a claim for loss of consortium is derivative of the injured spouse's claim,[6] that a surviving spouse cannot recover damages for loss of consortium separate

---

[5] 42 Pa. C. S. §8528(c).

[6] *Krupa v. Williams,* 316 Pa. Superior Ct. 408, 463 A.2d 429 (1983).

from a wrongful death action,[7] and that the injured spouse's contributory negligence reduces the damages recoverable from a third party for loss of consortium.[8] These holdings are neither controlling nor persuasive on the question herein raised. The Kowals concede, as they must, that a loss of consortium claim is derivative since it arises from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities. This does not, however, alter the uninjured spouse's status as a plaintiff in her own right since her damages, although derivative, are personal to her. The decision holding that a loss of consortium claim cannot be maintained independently of a wrongful death action was based on the principle that a plaintiff is not entitled to a double recovery. The surviving spouse's loss of consortium is one of the injuries compensated under the wrongful death act. *Slaseman v. Myers,* 309 Pa. Superior Ct. 537, 455 A.2d 1213 (1983). The reduction of a recovery for loss of consortium due to the spouse's contributory negligence is grounded upon the derivative nature of the action, not upon a merging of the action with the spouse's personal injury claim.

We hold that Laura Kowal is a separate plaintiff who is entitled to recover $250,000 from DOT for loss of consortium irrespective of the damages awarded to Mark Kowal for his personal injuries.

The next contention by the Kowals is that DOT waived the damage limitations of Section 8528(b) of the Code by not filing a motion to mold the verdict until three months after entry of the verdict. We must reject this contention.

The Kowals base their argument on Pa. R.C.P. No. 227.1, which requires that post-trial motions be filed

---

[7] *Linebaugh v. Lehr,* 351 Pa. Superior Ct. 135, 505 A.2d 303 (1986).

[8] *Scattaregia v. Shin Shen Wu,* 343 Pa. Superior Ct. 452, 495 A.2d 552 (1985).

within ten days of the verdict. They rely on *Richardson v. LaBuz*, 81 Pa. Commonwealth Ct. 436, 474 A.2d 1181 (1984), which held that the Commonwealth waived the defense of the statute of limitations by not raising it in the form of a new matter. This Court has further indicated that the defense of sovereign immunity should be raised in new matter. *Canfield Appeal*, 83 Pa. Commonwealth Ct. 76, 476 A.2d 489 (1984). However, while sovereign immunity exists as a defense to be asserted by the Commonwealth, the legislature has in clear and unambiguous terms directed that recoveries against the Commonwealth "*shall not* exceed $250,000 in favor of any plaintiff." (Emphasis added.) This mandatory language obligates the courts to mold a jury's verdict in excess of this limitation, regardless of whether the formal procedures for requesting the molding of a verdict have been followed. *See Fish v. Gosnell*, 316 Pa. Superior Ct. 565, 463 A.2d 1042 (1983).

Lastly, the Kowals contend that the trial court erred in assessing delay damages on the molded verdict of $250,000.

Pa. R.C.P. No. 238 provides that delay damages of ten percent per year shall be added "to the amount of compensatory damages . . . *in the verdict of a jury. . . .*" (Emphasis added.) The Supreme Court's purpose in promulgating Rule No. 238 was to encourage the tender of good faith settlement offers by defendants. *Krupa v. Williams*, 316 Pa. Superior Ct. 408, 463 A.2d 429 (1983). This purpose is implemented in subpart (e) of Rule No. 238, which provides that a defendant is not liable for delay damages for the period after which a settlement offer is made which is not exceeded by the verdict by more than 125 percent.

The Kowals assert that the term "verdict of a jury" evidences an intent that delay damages against the Commonwealth be calculated upon the amount of com-

pensatory damages awarded by the jury, in this case $1,350,000. We cannot accept this reasoning. If the Kowals' reasoning were to be followed, and "verdict of a jury" construed as the award of the jury prior to molding, delay damage awards based upon the jury's award would often far exceed the recovery limit. Moreover, the Commonwealth in many cases could only avoid astronomical delay damages by making a settlement offer many times greater than the $250,000 recovery limitation. This result would effectively nullify the legislative intent in setting limits on the amount of recoveries against the Commonwealth. We do not believe our Supreme Court contemplated such an outcome. We therefore construe the words "verdict of a jury" in Rule No. 238 as meaning the verdict of the jury as properly molded by the trial court and reduced to judgment.

However, the trial court assessed delay damages on the erroneous amount of $250,000, rather than on $500,000—$250,000 for Mark Kowal and $250,000 for Laura Kowal. Each plaintiff is entitled to a delay damage award of $73,834.52.

The common pleas court's order is reversed and the case is remanded for the entry of judgment for Mark Kowal in the amount of $323,834.52 and for Laura Kowal in the amount of $323,834.52.

## ORDER

The Erie County Common Pleas Court order in Nos. 8-A-1981 and 9-A-1981, dated October 15, 1984, is reversed and the case is remanded with instructions to enter judgment on behalf of Mark Kowal for $323,-834.52 and to enter judgment on behalf of Laura Kowal for $323,834.52.

Jurisdiction relinquished.