577 A.2d 910

**Henry C. BARCHFELD and Laverne A. Barchfeld, Husband and Wife, Appellee,**

**v.**

**Sandra Ellen NUNLEY by Her Guardian Ad Litem, Spencer J. NUNLEY, Appellant.**

**Henry C. Barchfeld, Appellee.**

Superior Court of Pennsylvania.

Argued April 5, 1990.

Filed July 20, 1990.

James David Elder, Pittsburgh, for appellant.

Paul R. Giba, Pittsburgh, for appellees, Barchfeld.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

DEL SOLE, Judge:

The sole issue before us is whether in an action filed by a husband *and* wife for personal injuries sustained by the husband plaintiff, where a loss of consortium claim has been filed by the wife in the same action, it is permissible and proper to join the husband as an additional defendant pursuant to Rule 2252(d) on the wife's claim for loss of consortium. We hold that it is not permissible and affirm the trial court's sustaining of husband's preliminary objections to his joinder as an additional defendant.

Henry and Laverne Barchfeld, plaintiff/appellees, filed a personal injury action against Saundra Nunley, the defendant/appellant, after Henry was struck by an automobile driven by her at approximately 9:30 p.m. while crossing an intersection in the township of Upper St. Clair. Henry Barchfeld claims that Ms. Nunley was negligent in the operation of her vehicle which caused him to sustain severe injuries and damages. Mrs. Barchfeld, who was not

present at the time of the accident, filed a claim for damages resulting from the loss of her husband's support, aid comfort, assistance, companionship and consortium.

Relying on *Manzitti v. Amsler*, 379 Pa.Super. 454, 550 A.2d 537 (1988), Appellant, who was the original defendant, contends that Mrs. Barchfeld's claim for loss of consortium is "distinct" and "independent" from that of her husband since it does not depend upon Mr. Barchfeld's claim to remain viable, and, if her claim is independent, then joinder of Mr. Barchfeld is proper and required. Appellant completely denies liability for the injuries to Mr. Barchfeld. Alternatively, she argues that if she is found to be partially responsible for the injuries to Mr. Barchfeld, and, therefore, jointly liable with Mr. Barchfeld on Mrs. Barchfeld's claim, she has a right to join him as an additional defendant and seek contribution from him. We examine *Manzitti* to determine whether joining Mr. Barchfeld is proper and required.

In *Manzitti*, the appellants filed a medical malpractice action against the Appellees, Dr. Amsler and the hospital, for injuries arising out of an operation performed by the doctor. Mr. Manzitti's injuries included severed spinal nerves, permanent loss of the bowel and bladder control, and sexual impotency. Appellant, Mrs. Manzitti, jointly filed a claim for loss of her husband's consortium. Appellees' insurer negotiated a settlement directly with the Appellants' attorney and offered $150,000 to settle both of the appellants' claims. Appellants' attorney indicated to Appellees' insurer that he had the authority to settle the case and accepted the offer on behalf of both the Appellants. However, when Appellees tendered the settlement draft to Appellants, they informed the Appellees that they did not authorize the settlement and intended to nullify the oral settlement.

Appellants, with the assistance of new counsel, filed a motion for continuance and removal of the case from the trial list. Appellants alternatively alleged that Mrs. Manzitti never authorized the settlement with respect to her case for any price, the settlement offer of $150,000 was not for

Mr. Manzitti's case alone, and Mr. Manzitti authorized the settlement of $150,000 only for his case since his attorney led him to believe that the most he could obtain from a jury verdict was $200,000. The case was removed from the trial list and the Appellees petitioned to enforce the settlement. The trial court decided that Mr. Manzitti had authorized the settlement of his personal injury claim, but the court refused to hear evidence on whether the attorney had the authority of Mrs. Manzitti to settle her case prior to accepting Appellees' offer. The trial court found that the settlement of Mr. Manzitti's claim extinguished the right of Mrs. Manzitti to proceed with her cause of action because her loss of consortium claim was derivative of her husband's personal injury claim. The trial court ordered Appellants to comply with the settlement and they appealed.

On review, our court noted that an action for loss of consortium is derivative of the injured spouse's claim. *Winner v. Oakland Township*, 158 Pa. 405, 27 A.2d 1110 (1893); *Scattaregia v. Shin Shen Wu*, 343 Pa.Super. 452, 495 A.2d 552 (1985). The *Scattaregia* court held:

The consortium claim and the personal injury claim are closely interconnected; together, they represent the total, compensable damages-direct and indirect-suffered as a result of the principal plaintiff's injury. Viewed in this light, it makes little sense to hold that an injured party's negligence would bar or limit his recovery for direct injury, but would not affect his spouse's recovery for indirect injury.

The consortium plaintiff ... has suffered no direct injury ... [His/Her] right to recover is derived, both in a literal and legal sense, from the injury suffered by [his/her] spouse. *Scattaregia*, 343 Pa.Super. at 455–456, 495 A.2d at 553–554 (*quoting Maidman v. Stagg*, 82 A.D.2d 299, 304, 441 N.Y.S.2d 711, 715 (1981)).

However, in *Manzitti* we held that a loss of consortium claim is a separate and distinct cause of action, although derivative, from the injured spouse's claim. Therefore, settlement of the injured spouse's claim does not extinguish

the rights of the party claiming loss of consortium. This holding is supported by several cases in which the injured spouse's claim was settled.

For instance, in *Buttermore v. Aliquippa Hospital,* 368 Pa.Super. 49, 533 A.2d 481 (1987), aff'd in part and rev'd in part on other grounds, 522 Pa. 325, 561 A.2d 733 (1989), we held that since Mrs. Buttermore was never a party to the release signed by her husband, her right to proceed on her loss of consortium claim had not been foreclosed. Similarly, in *Kowal v. Commonwealth Department of Transportation,* 100 Pa.Cmwlth. 593, 515 A.2d 116 (1986), the husband settled his personal injury claim against the Commonwealth but the wife did not expressly settle her loss of consortium claim. The court made the following statement regarding her claim:

> a loss of consortium claim is derivative since it arises from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities. This does not, however, alter the uninjured spouse's status as a plaintiff in her own right since her damages, although derivative, are personal to her. *Id.,* 100 Pa.Cmwlth. at 597, 515 A.2d at 119.

*Manzitti,* at 550 A.2d 540. *See also Rosander v. Copco Steel and Engineering Co,* 429 N.E.2d 990 (Ind.App.1982); *Neely v. Kossove,* 198 N.J.Super. 503, 487 A.2d 788 (1984).

We recognized in *Scattaregia* and *Manzitti* that a loss of consortium claim is a derivative of the personal injury claim, but, at the same time, it is separate and distinct from the spouse's personal injury claim. A loss of consortium claim is separate and independent from the personal injury claim where the injured spouse has settled the case or for some reason the merits of the directly injured spouse's claim have not been reached as in *Manzitti, Buttermore,* and *Kowal.* This will protect the loss of consortium claimant's right to recover for the indirect injury sustained by him or her where the injured spouse's claim has been disposed of. We do not extend *Manzitti* to cover the fact situation in the instant case.

In *Scattaregia v. Shin Shen Wu, supra,* appellant's instituted an action in trespass for injuries sustained by the wife and for the husband's loss of consortium due to the malpractice of the appellee physicians. Evidence was introduced regarding the wife's contributory negligence and the trial court charged the jury on comparative negligence. The jury found the wife to be 49% negligent and each appellee to be 25.5% negligent. Since Pennsylvania's comparative negligence statute mandates that a plaintiff's damages be reduced by his negligence, the wife was awarded 51% of her damages. On appeal, the issue was whether a spouse's damages for loss of consortium should be reduced by the percentage of comparative negligence attributable to the injured spouse. Concluding that a loss of consortium claim is derivative, we stated:

> ... [i]ts success in this Commonwealth has always been dependent upon the injured spouse's right to recover.... Logically extending previous case law to actions affected by the comparative negligence reduces the spouse's damages in proportion to that negligence, the damages awarded the uninjured spouse for loss of consortium must likewise be proportionally reduced. A contrary result would be inconsistent with the derivative nature of the loss of consortium action. *Scattaregia,* 343 Pa.Super. 456, 495 A.2d 554 (1985).

■ In the case before us, the loss of consortium claim is derivative of the injured spouse's personal injury claim. Appellant alleges that Mr. Barchfeld is partially, if not totally, responsible for his injuries. If Mr. Barchfeld was negligent, his comparative negligence will reduce his damages in proportion to that negligence. Likewise, Mrs. Barchfeld's loss of consortium damages will also be diminished in proportion to her husband's comparative fault. Because Appellant will only be liable for the percentage of negligence attributed to her, joinder of Mr. Barchfeld is unnecessary where, as here, he is a party plaintiff pursuing his own claim.

Accordingly, we affirm.