660 A.2d 64

Allen STERLING, Appellee,

v.

ST. MICHAEL'S SCHOOL FOR BOYS and John Doe a/k/a Paul Kanner, Appellant.

Allen STERLING, Appellant,

v.

ST. MICHAEL'S SCHOOL FOR BOYS and Paul Kanner, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 31, 1995.

Filed May 4, 1995.

Reargument Denied July 14, 1995.

438

Joseph E. Mariotti, Scranton, for St. Michael's School and Kanner.

Kenneth C. Citrino, Philadelphia, for Sterling.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

Appellants take this appeal from the Judgment of $66,000.00 awarded Appellee following a non-jury trial.

Appellee, Allen Sterling was placed in a group home operated by Appellant, St. Michael's School. On July 14, 1981 an employee of St. Michael's threw a shoe at Sterling striking him in the right eye. Sterling, who complained of blurred vision was seen by a nurse the next day who referred him to a doctor. Sterling was taken to a physician the following day. While blood was seen in the eye, other tests came out negative and no treatment was recommended, although Sterling was advised to return for further observation until it was determined that the eye was clear. At the next exam swelling and fluid accumulation was noted and it was recommended that Sterling see a different physician, Dr. Jordan. Dr. Jordan saw Sterling on several occasions, however it was not until August 6, 1981, when the fluid in the eye cleared that the doctor was able to diagnose a "choreital macular tear." Dr. Jordan opined that the injury was "irreparable," and that Sterling would suffer from 20/200 vision in the eye which could not be adjusted with corrective lenses.

Sterling commenced an action on July 18, 1983 against St. Michael's School for Boys and the person responsible for throwing the shoe. Through numerous motions and requests for relief, the defendants argued that Sterling's action should be barred by the statute of limitations since it was commenced two years and three days after Sterling was struck by the shoe. The trial court noted that all parties agree that the applicable Statute of Limitations is two years, but the court denied the motions reasoning that Sterling did not "discover" his injury until August 6, 1981 when a diagnosis was made.

The trial court concluded that "although there was a 'touching' on July 14, 1981, the damage from that touching did not become physically objective and ascertainable until August 6, 1981."

It is established law that actions for personal injuries must be brought within two years. *Aivazoglou v. Drever Furnaces,* 418 Pa.Super. 111, 613 A.2d 595 (1992), 42 Pa.C.S.A. § 5524. Once this prescribed statutory period has expired a cause of action may not be brought. The "discovery rule" provides an exception to toll the running of the statute of limitations. It provides "that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonable be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Hayward v. Medical Center,* 530 Pa. 320, 325, 608 A.2d 1040 (1992). The rule was created to apply to those situations where an injured party, despite the exercise of reasonable diligence, in unable to know of the injury or its cause. *Id.,* citing *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468 (1983). The nature of the injury will typically determine whether the discovery rule is applicable. Thus it will only apply where the injury is the type which is not readily discernible. *A. McD. v. Rosen,* 423 Pa.Super. 304, 621 A.2d 128 (1993).

In this case we conclude the discovery rule has no application. Sterling knew he was injured when he was struck by the shoe. Sterling suffered pain and experienced blurred vision, which symptom he repeatedly reported at his examinations. Because it is the knowledge of an injury which causes the statute to begin, in this case the statute ran as of July 14th, the date when Sterling was struck. Although Sterling knew of his injury, the trial court centered its analysis on the fact that Sterling did not know the extent of his injury. However the fact that Sterling was not advised until some time later that a tear was causing him the blurred vision, does not justify tolling of the statute.

■ The seminal case of *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959), first enunciated the "discovery rule" when considering a situation where a surgeon left a surgical sponge in the patient, who did not discover the sponge until nine years later. The court held that the statute does not run until the plaintiff did or reasonably could have discovered the injury. *Levenson v. Souser*, 384 Pa.Super. 132, 557 A.2d 1081 (1989). The court went on, however, to differentiate situations where persons are unable to know they are injured, from those situations where persons know they are injured, but they do not know the extent of their injury. The court stated:

It must be borne in mind that this is not a case where the act of negligence was known to the plaintiff but the extent of the damages which ensued therefrom was not ascertained until after the expiration of the statute of limitations. On the contrary, this is a case where the plaintiff did not know of the act (which eventuated in injury to him) at the time *that* act occurred.

*Ayers v. Morgan*, at 290, 154 A.2d at 792. (emphasis in original.) Thus, the law requires the statute of limitations to begin when a person knows or through the exercise of due diligence is able to ascertain that an injury has occurred. "A plaintiff need not know the precise extent of her injuries before the statutory period begins to run." *Bradley v. Ragheb*, 429 Pa.Super. 616, 633 A.2d 192, 196 (1993).

Sterling knew he was injured on the day he was struck in the eye by a thrown shoe. The statute of limitations commenced on the day of his injury. The fact that the *extent* of his injury was not known at that time, and would not be discovered until weeks later, did not toll the running of the statute.

Because the suit in this case was not brought until after the expiration of the statute of limitations, Sterling had no right to maintain his action and the judgment entered in his favor must be vacated.

Judgment vacated. Case remanded for entry of Judgment in favor of Appellant. Jurisdiction relinquished.