## Quail v. Snelson

*Elizabeth Erickson,* for plaintiffs.
*Richard P. Kovacs,* for defendants Corson and Hickory Grove.
*Harry T. Coleman,* for defendants Snelsons.

THOMSON, *P.J.,* November 19, 1996—

## AMENDED OPINION & ORDER[1]

Before the court are two separate motions for judgment on the pleadings. One motion was filed by defendants Alden Snelson and Viola Snelson. The other motion was filed by defendants John Corson, Hickory Grove and Hickory Grove Trailer Park. Because each motion claims that the plaintiff's cause of action is barred by the statute of limitations, we will decide both motions in this one opinion and order.

The facts pertinent to these motions are not in dispute. On March 5, 1994, plaintiff Clayton Quail slipped and fell on the ice and snow covering the property of the Snelsons. On March 8, 1994, plaintiff Clayton Quail visited a doctor and was diagnosed with a broken foot. Two years and three days after the date of slip and fall, the plaintiffs commenced this action by filing a writ of summons on March 8, 1996.

The defendants claim in their motions that this cause of action is barred by the two-year statute of limitations governing personal injury actions. See 42 Pa.C.S. §5524. The plaintiffs raise two counter-arguments. First, they allege that the statute of limitations was tolled by the discovery rule. The plaintiffs allege that Clayton Quail did not "discover" his injury until it was diagnosed by the doctor. Second, the plaintiffs allege that they

---

1. This amended opinion & order merely corrects typographical errors discovered after the filing of the original opinion & order of November 14, 1996. It does not change the result.

were misled by the defendants as to the date the statute of limitations began to run.

Initially, we note the standards governing our determination of a motion for judgment on the pleadings.

"Entry of judgment on the pleadings is permitted under Pa.R.C.P. 1034 which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. . . . It may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. . . . In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents." *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 71, 595 A.2d 128, 129 (1991). (citations omitted)

As previously stated, the facts pertinent to these motions are undisputed. The question remains as to whether the defendants are entitled to judgment as a matter of law. This question is easily decided by the application of a case on point not cited by either party.

The case on point is *Sterling v. St. Michael's School for Boys,* 442 Pa. Super. 437, 660 A.2d 64 (1995), *appeal denied,* 543 Pa. 695, 670 A.2d 142 (1995). In *Sterling,* a boy was struck in the eye by a thrown shoe on July 14, 1981. The boy immediately suffered pain and blurred vision, but was not diagnosed with a particular injury until August 6, 1981. *Two years and three days* after the date he was struck in the eye, the plaintiff commenced his action. The Superior Court in *Sterling* found that the plaintiff's action was time barred and remanded with directions that judgment be entered in favor of the defendants. *Id.* at 441, 660 A.2d at 66.

The *Sterling* court rejected the plaintiff's argument that the discovery rule tolled the statute of limitations

until his injury was diagnosed. The court set forth the discovery rule, as follows:

"The 'discovery rule' provides an exception to toll the running of the statute of limitations. It provides 'that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonabl[y] be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible.' *Hayward v. Medical Center,* 530 Pa. 320, 325, 608 A.2d 1040 (1992). The rule was created to apply to those situations where an injured party, despite the exercise of reasonable diligence, is unable to know of the injury or its cause. *Id.,* citing *Pocono International Raceway v. Pocono Produce Inc.,* 503 Pa. 80, 468 A.2d 468 (1983). The nature of the injury will typically determine whether the discovery rule is applicable. *Thus it will only apply where the injury is the type which is not readily discernible. A. McD. v. Rosen,* 423 Pa. Super. 304, 621 A.2d 128 (1993)." *Sterling, supra* at 440, 660 A.2d at 65. (emphasis added)

The *Sterling* court found that the discovery rule did not apply to the facts of its case. The court distinguished between those cases "where persons are unable to know they are injured, from those situations where persons know they are injured, but they do not know the extent of their injury." *Id.* at 441, 660 A.2d at 66. In the latter case, the statute of limitations is not tolled by the discovery rule. *Id.,* citing *Bradley v. Ragheb,* 429 Pa. Super. 616, 624, 633 A.2d 192, 196 (1993).

The court in *Sterling* found that the plaintiff knew he was injured the day he was struck with the shoe. The plaintiff suffered pain and blurred vision on that

day. "The fact that the *extent* of his injury was not known at that time, and would not be discovered until weeks later, did not toll the running of the statute." *Id.* at 441, 660 A.2d at 66. Therefore, the court entered judgment in favor of the defendants because the action was not brought within the limitations period. *Id.*

Likewise, in this matter, plaintiff Clayton Quail knew he was injured the day he slipped and fell. Paragraphs 11 and 12 of the plaintiff's complaint allege that Clayton Quail slipped and fell on March 5, 1994, "resulting in serious and permanent injuries." The fact that he did not know the extent of his injuries until days later did not toll the statute. *Id.* Because it is the knowledge of the injury which causes the statute to begin, in this case the statute began to run as of March 5, 1994. See *id.* at 440, 660 A.2d at 65. Therefore, since this case was not brought within the two-year statute of limitations, we must enter judgment in favor of the defendants.

The plaintiffs also argue that the defendants are estopped from raising the statute of limitations as a defense because they misled the plaintiffs as to the date of the accident. It is alleged that an insurer for some of the defendants sent numerous letters to the plaintiffs which misdated the date of the accident.

"Where, 'through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry,' the defendant is estopped from invoking the bar of the statute of limitations. . . . Moreover, defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment

is sufficient. . . . Mere mistake, misunderstanding or lack of knowledge is insufficient, however . . . and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party. . . . [T]he conduct complained of must be *'something amounting to an affirmative inducement'* to plaintiff to delay bringing the action. *Kaskie v. Wright,* 403 Pa. Super. 334, 338, 589 A.2d 213, 215 (1991), *appeal denied,* 529 Pa. 634, 600 A.2d 954 (1991). (citations omitted) (emphasis in original)

The plaintiffs' evidence in this matter is insufficient to show an affirmative inducement on the part of the defendants causing the plaintiffs to delay bringing suit. "It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Hamilton v. Bechtel,* 441 Pa. Super. 390, 395, 657 A.2d 980, 982 (1995), *appeal denied,* 542 Pa. 639, 666 A.2d 1049 (1995), quoting *Hayward v. Medical Center,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992). We reject plaintiffs' attempt to cast blame upon the defendants.[2]

Since judgment on the pleadings is being entered on plaintiff Clayton Quail's claims, judgment will also be entered on his wife's derivative claim for loss of consortium. *Kryeski v. Schott Glass Technologies Inc.,* 426 Pa. Super. 105, 119, 626 A.2d 595, 602 (1993),

---

2. We summarily reject plaintiffs' other arguments, (1) that defendants are estopped from raising the statute of limitations defense because they suffered no prejudice from the late filing, and (2) that the court should consider inclement weather as a factor in determining these issues.

334

citing *Scattaregia v. Shin Shen Wu,* 343 Pa. Super. 452, 455, 495 A.2d 552, 554 (1985).

### ORDER

And now, November 19, 1996, upon consideration of the two motions for judgment on the pleadings filed by the respective defendants, briefs filed thereto and argument held thereon, each defendant's motion for judgment on the pleadings is hereby granted.

Accordingly, judgment is hereby entered in favor of the defendants.

