**Lewis v. Shellberg**

C.P. of Wayne County, no. 116-Civil-1997.

*Michael H. Roth,* for plaintiff.
*Christine S. Lezinski,* for defendant.

CONWAY, *P.J.,* February 6, 1998—Each party filed a motion for partial summary judgment. Thereafter, the parties filed a stipulation which provided a basis for the court to adjudicate each motion. The court will not recite the applicable facts since they are contained in the aforesaid stipulation. Neither will the court recite the standards applicable to entry of summary judgment; both parties are in agreement as to these standards. The court need only address the sole issue of whether or not the loss of consortium claim by Ramona Lewis is a separate claim and therefore not included as part of the $100,000 per person limit for Robert Lewis, deceased, for which payment has already been made.

The principles governing the interpretation of insurance contracts in Pennsylvania are well-settled:

"The principles governing the interpretation of insurance contracts in Pennsylvania are well settled. The goal of interpreting an insurance contract is to ascertain the intent of the parties as manifested by the language of the written instrument. . . . The reasonable expectations of the insured are the focal point in reading the contract language. . . . Where the language of the contract is clear and unambiguous, a court is required to give effect to that language. . . . 'The clear meaning of language cannot be ignored by the judiciary.' . . . Where the language of a contract is ambiguous, the insured received the benefit of the doubt, and the language at issue is interpreted in his favor. . . . Language in an insurance policy should be given its ordinary meaning, unless it is clear that some other meaning was intended by the parties. . . . The policy, like every

other contract, must be read in its entirety and the intent gathered from a consideration of the entire instrument." *Koening v. Progressive Insurance Co.*, 410 Pa. Super. 232, 236, 599 A.2d 690, 691-92 (1991). (citations omitted)

In addition, the court has reviewed all of the case authority submitted by the parties. The court has applied the principles regarding the interpretation of insurance contracts and the case authority to the case sub judice. That is, the court has examined the language of the contract in its entirety and gave each word its plain meaning. This analysis has caused the court to conclude that the plaintiff's position was incorrect and the defendant's position was correct.

The controlling provision of the Nationwide policy on this issue is Endorsement 2264, which provides:

"Amounts Payable For Liability Losses

"Our obligation to pay property damage or bodily injury liability losses is limited to the amounts per person and per occurrence as stated in the declarations. The following conditions apply to these limits. . . .

"2. *Bodily injury limits shown for any one person are for all legal damages including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as the result of one occurrence.*

"Subject to this per person limit, the total limit of our liability shown for each occurrence is the total amount available when two or more persons sustain bodily injury, including death, as the result of one occurrence."

The term "bodily injury" is defined under the liability section of the policy as "(a) bodily injury; (b) sickness; (c) disease; or (d) death" of any person.

This policy language clearly and unambiguously utilizes the term "including all derivative claims."

Pennsylvania courts have long held that an action for loss of consortium is derivative of the injured spouse's claim. *Scattaregia v. Shin Shen Wu*, 343 Pa. Super. 452, 455, 495 A.2d 552, 553 (1985). In *Scattaregia*, the Superior Court provided this explanation:

"The consortium claim and the personal injury claim are closely interconnected; together, they represent the total, compensable damages—direct and indirect—suffered as a result of the principal plaintiff's injury. Viewed in this light, it makes little sense to hold that an injured party's negligence would bar or limit his recovery for *direct* injury, but would not affect his spouse's recovery for *indirect* injury.

"The consortium plaintiff . . . has suffered no direct injury. . . . [His/Her] right to recover is derived, both in a literal and legal sense, from the injury suffered by [his/her] spouse." *Id.* at 455, 495 A.2d at 553-54.

Further, the court has not considered developments in tort law pertaining to loss of consortium. Based on the holding of *Koening v. Progressive Insurance Co.*, *supra*, the court's decision was based solely on contract construction principles. Developments in tort law were not of assistance to this court. *Id.* at 239 n.6, 599 A.2d at 693 n.6.

Finally, the court's decision is harmonious with the following holding of the Superior Court:

"We hold, therefore, that a surviving spouse cannot maintain a separate cause of action for loss of consortium resulting from the death of a spouse but must instead recover damages for loss of the deceased spouse's society in an action for wrongful death. In the instant case, the wrongful death and survival actions were set-

tled for policy limits with the approval of the court. The surviving spouse's additional claim for loss of consortium, therefore, was properly dismissed." *Linebaugh v. Lehr*, 351 Pa. Super. 135, 139, 505 A.2d 303, 305 (1986).

The court was unpersuaded that the authority relied upon by the plaintiff had any relevance to the case sub judice. For example, the court found *Manzitti v. Amsler*, 379 Pa. Super. 454, 550 A.2d 537 (1988) to be factually dissimilar. *Manzitti* involved the settlement of a medical malpractice lawsuit in which the injuries sustained were serious, but not fatal. *Id.* at 456, 550 A.2d at 538. Therefore, a wrongful death action was not possible.

Accordingly, this court enters the following:

## ORDER

And now, February 6, 1998, it is hereby ordered that the plaintiff's motion for partial summary judgment is denied.

It is further ordered the defendant's motion for partial summary judgment is granted.

It is also ordered that, pursuant to paragraph 8 of the parties' stipulation:

"The loss of consortium claim of Ramona Lewis is subject to and included as part of, the $100,000 per person bodily injury liability limit for Robert Lewis, deceased, for which payment has already been made under the Nationwide policy to Ramona Lewis, as administratrix of the estate of Robert Lewis, deceased. The remaining individual claims of Ramona Lewis for personal injury and emotional distress may proceed to trial."