## Budner v. Allegheny General Hospital

C.P. of Allegheny County, no. GD 03-8160.

*Louis B. Loughren,* for plaintiff.
*Thomas B. Anderson,* for defendant.

STRASSBURGER, *J.,* March 9, 2005—Plaintiff Amy W. Budner fell as she was exiting a high, swivel-type chair after a physical therapy treatment session at Allegheny General Hospital t/d/b/a Sports Medicine Services on May 3, 2001, allegedly causing her injuries to her neck, back, ribs, coccyx, and right shoulder. Mrs. Budner filed the instant action, averring Allegheny General Hospital was liable for the dangerous condition that caused her injury.

Plaintiffs Amy W. Budner and Martin E. Budner, her husband, initiated the instant case against Allegheny

General Hospital t/d/b/a Sports Medicine Services, Rehabilitation Management Systems Inc. t/d/b/a Sports Medicine Services, West Penn Allegheny Health System Inc. t/d/b/a Sports Medicine Services (corporate defendants), and Tracee Kallet by writ of summons on April 25, 2003. Defendants filed a praecipe for rule to file complaint on May 13, 2003. The Budners filed the complaint on June 4, 2003, with causes of action by Mrs. Budner against all defendants for negligence[1] and by Mr. Budner against all defendants for loss of consortium.

On July 30, 2003, all defendants filed preliminary objections stating the Budners' complaint fails to conform to a rule of court pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2). Specifically, defendants claimed the Budners were asserting a professional liability action against licensed professional and health care providers pursuant to Pa.R.C.P. 1042.2 et seq.[2] Defendants objected because the Budners' complaint did not include the requisite certificates of merit. The Budners responded that this case was merely a premises liability case, not a professional liability case, so filing certificates of merit was not necessary.[3] The Honorable Judge Judith L.A. Friedman heard argument and overruled all preliminary objections on October 21, 2003.

---

1. Negligence counts against the corporate defendants (Allegheny General Hospital, Rehabilitiation Management Systems Inc., and West Penn Allegheny Health System Inc.) also included a count for vicarious liability.

2. It is undisputed that Kallet is a licensed provider as a physical therapist purusant to Pa.R.C.P. 1042.1(b)(1)(x) and that corporate defendants are also health care providers purusant to Pa.R.C.P. 1042.1(b)(1)(i).

3. The preliminary objections also included a motion for a more specific pleading pursuant to Pa.R.C.P. 1028(a)(3).

On January 24, 2005, all defendants requested leave of court to file a motion for summary judgment. This court granted that motion and scheduled argument. On February 16, 2005, this court granted defendant Allegheny General Hospital's motion for summary judgment.[4] The Budners filed a timely appeal.

This court will attempt to describe the specific chair and the actions that caused Mrs. Budner's injury. Mrs. Budner was attending a physical therapy session that involved a whirlpool treatment for her injured foot at a facility owned by Allegheny General Hospital. To put her feet into the whirlpool, Kallet, the physical therapist, directed Mrs. Budner into a high chair by having her step up onto the chair. Kallet then rotated the chair 180 degrees, so Mrs. Budner's feet could be in the whirlpool. When the treatment ended, Mrs. Budner turned the chair 90 degrees, Kallet wiped her feet, and placed a towel below her. Instead of continuing the rotation to the 180 degree point, Mrs. Budner attempted to get down from the chair and then fell, thereby causing her injuries.

---

4. In plaintiffs' answer to defendants' motion for summary judgment, plaintiffs informed this court that they were voluntarily discontinuing the case against defendants Rehabilitation Management Systems t/d/b/a Sports Medicine Services, West Penn Allegheny Health System t/d/b/a Sports Medicine Services, and Tracee Kallet, and this court entered an order on February 16, 2005, to that effect. Mr. Budner also had a claim for loss of consortium. Because Mrs. Budner has failed to demonstrate liability for her injuires, Mr. Budner cannot recover from Allegheny General Hospital for loss of consortium. See e.g., *Barchfeld v. Nunley by Nunley*, 395 Pa. Super. 517, 577 A.2d 910 (1990) (noting the success of loss of consortium claim "has always been dependent upon the injured spouse's right to recover."). Therefore, this court dismissed Mr. Budner's claim along with Mrs. Budner's.

The issue before this court is whether the Budners stated a sufficient premises liability claim against Allegheny General Hospital. Allegheny General Hospital argued that this court should apply the three-part test for premises liability stated in the Restatement (Second) of Torts §343 and adopted by *Zito v. Merit Outlet Stores,* 436 Pa. Super. 213, 216, 647 A.2d 573, 574-75 (1994).[5] Defendants essentially argued that the chair was not dangerous, and even if the chair was dangerous, Allegheny General Hospital did not know and should not have known about the dangerous condition.

The Budners, however, argued that the chair itself, together with the negligence of the physical therapist in not turning Mrs. Budner the entire 180 degrees, was the cause of the injury. In other words, the Budners wanted this court to believe that the chair was a dangerous condition of land and Allegheny General Hospital was liable for Mrs. Budner's injuries because they should have known that she could forget to rotate the chair the entire 180 degrees before trying to get down from the chair. It is precisely this argument which led this court to grant summary judgment in favor of defendant.

The chair in itself was not the cause of Mrs. Budner's injury. The Budners are really alleging it was Kallet's

---

5. "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger." *Zito v. Merit Outlet Stores,* 436 Pa. Super. 213, 216, 647 A.2d 573, 574 (1994).

negligence by not helping Mrs. Budner from the chair or positioning the chair in a safe way for Mrs. Budner to get down that caused Mrs. Budner's injury. This alleged negligence occurred at the conclusion of a physical therapy treatment session, which makes this professional negligence and therefore not merely premises liability as the Budners want this court to believe.

This case is virtually on all fours with *Grossman v. Barke,* 2005 WL 249045 (Pa. Super. 2005), where plaintiff's decedent fell off a table in a doctor's office. The trial court ruled, and the Superior Court affirmed, that there was negligence, it was professional negligence, not ordinary negligence. The Budners have in actuality stated a cause of action for professional negligence, not premises liability. However, because the Budners failed to file a timely certificate of merit, they cannot now pursue their professional negligence claim. Thus, the Superior Court should affirm.