J-A06007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LINYA MASON AND WALI MASON, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY | |
| Appellee | No. 1650 EDA 2014 |

Appeal from the Order April 24, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2013 No. 146

BEFORE:  PANELLA, J., OTT, J., JENKINS, J.

MEMORANDUM BY PANELLA, J.                                    **FILED JUNE 05, 2015**

Appellants, Linya and Wali Mason, husband and wife, seek review of the order of the Philadelphia Court of Common Pleas granting summary judgment based on collateral estoppel.  We affirm.

On December 22, 2009, Linya Mason was injured as a result of her vehicle being rear-ended by a vehicle driven by William R. Jackson, Jr.  She brought a civil action in Philadelphia Court of Common Pleas against Jackson[1] asserting various personal injuries and seeking recovery for all of her damages.  These included economic and non-economic damages, past and future, for pain and suffering, past and future medical expenses, loss of

---

[1] At the time of the accident, Jackson was insured by State Farm for bodily injury and liability coverage for up to $25,000 per person.

life's pleasures, lost earnings, impairment of her earning capacity and inability to attend to her usual duties and occupations. Wali Mason was not a named plaintiff in the action, and at no point did he seek to intervene or otherwise assert a derivative loss of consortium claim.

Discovery ensued. After Linya Mason failed to comply with discovery orders pertaining to certain past tax returns, Jackson filed a motion *in limine* seeking to bar her from pursuing claims for wage loss and loss of earning capacity. The court granted the motion, and precluded Linya Mason from offering any evidence regarding her wage loss, lost profits, or loss of earning capacity claims. A trial occurred. The jury returned a verdict in favor of Linya Mason for $100,000. The verdict was entered on April 4, 2013. Linya Mason did not file any post-trial motions. State Farm, as Jackson's insurer, paid the entire amount of the verdict of $100,000 to Linya Mason. She subsequently filed a praecipe to satisfy the verdict.

The Masons filed the instant suit against Appellee Progressive, her own insurance carrier, for the recovery of underinsured motorist damages allegedly arising from the December 22, 2009 accident. She raised the same issues raised in the action against Jackson and sought the same damages that she had already recovered. In addition, Wali Mason asserted a loss of consortium claim.

Progressive filed a motion for summary judgment averring that the action was barred by the doctrine of collateral estoppel. On April 24, 2014, the trial court granted Progressive's motion based on collateral estoppel and

further concluded that because Linya Mason had no viable action, Wali Mason's derivative claim of loss of consortium could not go forward. This timely appeal followed.

We will reverse an order granting summary judgment only for a manifest abuse of discretion or an error of law. *See Sellers v. Township of Abington*, 106 A.3d 679, 684 (Pa. 2014). Summary judgment is appropriate where the record shows that there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See id*. Whether there are issues of material fact presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. *See id*. We review the record evidence in the light most favorable to the non-moving party. *See Murphy v. Duquesne University of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001).

The first three issues raised pertain to the trial court's finding of collateral estoppel. Collateral estoppel, or issue preclusion, prevents re-litigation of identical issues in a later action. The application of collateral estoppel is appropriate if:

(1) An issue decided in a prior action is identical to the one presented in a later action;

(2) The prior action resulted in a final judgment on the merits;

(3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and

- 3 -

> (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Safeguard Mutual Insurance Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975) (citation omitted).

"There is no requirement that there be an identity of parties in the two actions in order to invoke the bar." *Columbia Medical Group v. Herring & Barr*, 829 A.2d 1184, 1190 (Pa. Super. 2003) (citation omitted). "Collateral estoppel may be used as … a shield by a stranger to the prior action if the party against whom the doctrine is invoked was a party or in privity with a party to the prior action." *Id*. (citation omitted). "An insurance company is in privity with its insured." *Dally v. Pennsylvania Thresherman & Famers' Mut. Cas. Ins. Co*., 97 A.2d 795, 796 (Pa. 1953) (citation omitted).

> In the instant case, the trial court observed:
>
> In relation to Linya Mason's claims, the first criteria for collateral estoppel, whether the issue decided in the prior adjudication as identical with the one presented in the later action, has been satisfied instantly in that the issues previously raised and litigated by [ ] Linya Mason in her case against William R. Jackson, Jr., are identical to those presented by her in this underinsured motorist claim against Progressive.
>
> The second criteria for collateral estoppel has been satisfied because there was a final judgment/adjudication on the merits in the underlying action as evidenced by the jury verdict and the satisfaction of that judgment filed with the [c]ourt.
>
> The third criteria for collateral estoppel has been met in that there is no dispute that Linya Mason was a party to the prior adjudication.

The fourth criteria for collateral estoppel has been met as the Masons had a full and fair *opportunity* to litigate the issues of causation and damages in the underlying action. It is clear that the jury's verdict represented a final determination as to all damages which plaintiff claimed or could have been claimed [sic] and that Linya Mason accepted that verdict by not pursuing post-trial relief.

Trial Court Opinion, dated 10/20/14, at 6 (emphasis in original).

We conclude that the trial court did not abuse its discretion or commit an error of law in granting Progressive's summary judgment motion. As noted above, Linya Mason previously litigated the same issues of causation and damages arising from the accident to a final determination on the merits. She is, thus, collaterally estopped from re-litigating the identical issues of causation and damages against Progressive in her claim for recovery of underinsured motorist benefits.

Linya Mason argues, without citation to relevant authority, that because she was precluded from litigating her claim of loss of earnings and earning capacity after the trial court granted Jackson's motion *in limine*, the fourth element of collateral estoppel requiring identical issues has not been satisfied.[2] We note that Linya Mason did not file any post-trial motions in

---

[2] Linya Mason cites **Safeguard Mut. Ins. Co.**, **supra**, to support her averment that because "the trial court limited the nature of [her] participation when it precluded her from pursuing a claim for economic damages," collateral estoppel is not applicable. In **Safeguard**, unlike here, the issues raised were not identical to those in a prior action in which the appellants had been allowed to intervene. Moreover, the appellants in the
*(Footnote Continued Next Page)*

her prior case. Moreover, she accepted the jury's verdict and filed a praecipe to satisfy verdict. In so doing, she agreed that the jury verdict represented a satisfactory resolution of all issues raised in her complaint. *See Wilk v. Kochara*, 647 A.2d 595, 596 (Pa. Super. 1994) (observing that where a judgment has been satisfied, all questions of liability and damages are deemed extinguished). Accordingly, collateral estoppel precludes further consideration of her claims.[3]

Wali Mason argues that his loss of consortium claim should not have been terminated upon the dismissal of Linya Mason's claims because his claim is "an independent cause of action that survives the discontinuance of the injured spouse[']s claim." Appellant's Brief at 18 (citing *Darr Construction Co. v. Workmen's Compensation Appeal Board*, 715 A.2d 1075, 1080 (Pa. 1998)).[4]

*(Footnote Continued)* ─────────────

prior action at issue in *Safeguard* had been allowed to intervene only with the understanding, as stated by the trial court, that "we are limited to a very narrow issue involved in the specific complaint filed by the Commonwealth." *Id*. at 669. *Safeguard* is inapposite to the instant case.

[3] Moreover, the trial court granted Mr. Jackson's motion *in limine* based on Linya Mason's failure to comply with the trial court's scheduling order. She may not resurrect those claims, that she herself lost through her non-compliance, by filing subsequent, piecemeal litigation against different defendants.

[4] *Darr* was a worker's compensation case where the issue involved whether an employer has a subrogation interest in a loss of consortium claim. Our Supreme Court observed: "It is well-settled that the [loss of consortium] claim is derivative, emerging from the impact of one spouse's physical

*(Footnote Continued Next Page)*

- 6 -

A loss of consortium claim is considered to be a derivative claim for which one's right to recover is totally dependent on the injured spouse's right to recover. *See* **Scattaregia v. Shin Shen Wu**, 495 A.2d 552, 553-54 (Pa. Super. 1985). In addition, "[a] loss of consortium claim is separate and independent from the personal injury claim where the injured spouse has settled the case or for some reason the merits of the directly injured spouse's claim have *not* been reached[.]" **Barchfeld v. Nunley by Nunley**, 577 A.2d 910, 912 (Pa. Super. 1990) (emphasis added).

Although a loss of consortium claim is separate and independent, it is still derived from the injured spouse's right to recover. Here, Linya Mason has no right to recover on the claims raised in the instant action because their merits were litigated to a final verdict in a prior action. *See id*. Her filing a praecipe for satisfaction of that verdict extinguished all claims deriving from the issues which she has again raised in the instant case. *See* **Wilk**, *supra*. Accordingly, Wali Mason has no viable cause of action.

In their last two issues, the Masons aver in two paragraphs that the trial court erred in concluding that Progressive was entitled to a credit against all liability. They do not cite to any authority in support and provide no analysis with reference to the record as required by Pa.R.A.P. 2119(b),

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

injuries upon the other spouse's marital privileges and amenities. It is equally established that a loss of consortium claim remains a separate and distinct cause of action." 715 A.2d at 1180.

(c), and (d). Accordingly, these issues are waived. ***See Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2015